IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLUE YONDER GROUP, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:20-CV-03636-K |
| | § | |
| KINAXIS INC. and KINAXIS CORP., | § | |
| | § | |
| Defendants. | § | |

### ORDER

Before the Court are Defendants' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 45) (the "Preliminary Injunction Motion") and Blue Yonder's Rule 12(b)(6) Motion to Dismiss (Doc. No. 75) (the "Motion to Dismiss"). After careful consideration of the arguments by the parties, the pleadings before the Court, the relevant portions of the record, and the applicable law, the Court **DENIES** the Preliminary Injunction Motion and **DENIES** the Motion to Dismiss.

I.    **Factual and Procedural Background**

This is a patent infringement case in which Plaintiff Blue Yonder Group, Inc. ("Blue Yonder") asserts that the Defendants, Kinaxis Inc. and Kinaxis Corp. (collectively, "Kinaxis"), infringe the claims of a number of patents owned by Blue Yonder. In its Original Complaint, Blue Yonder incorporated and referred to certain Kinaxis documents to support its allegations of patent infringement.

Kinaxis asserts that the Kinaxis documents that Blue Yonder incorporated and referred to in its Original Complaint contain Kinaxis trade secrets. Based on assertion, Kinaxis filed a counterclaim against Blue Yonder for trade secret misappropriation and filed the Preliminary Injunction Motion.

In the Preliminary Injunction Motion, Kinaxis asserts that the Court should enter a preliminary injunction regarding Kinaxis's trade secret misappropriation claim that orders Blue Yonder to turn over the documents and prohibits Blue Yonder from using the information contained in the documents.

In the Motion to Dismiss, Blue Yonder asserts that based on the facts alleged in the counterclaim and on facts admitted in the record in other filings before the Court, Kinaxis cannot plausibly plead a claim for trade secret misappropriation because the facts prove that the Kinaxis documents and the information in the Kinaxis documents were not sufficiently protected to constitute trade secrets.

## II.     Motion to Dismiss

The Court first addresses the Motion to Dismiss. In considering a Rule 12(b)(6) motion, a court must determine whether the plaintiff sufficiently stated a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A well-pleaded complaint must allege facts upon which the claims are based and not be a conclusory recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must state sufficient facts such that the "claim has facial plausibility" and is not merely "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff pleads a claim with facial plausibility when the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable." *Id.* This pleading standard does not require "'detailed factual allegations,' but it demands more than an unadorned [] accusation . . . that is devoid of 'further factual'" support. *Iqbal*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 555). The complaint must allege sufficient facts to "give the defendant fair notice" of plaintiff's claims against the defendant. *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The alleged facts must be facially plausible such that the facts nudge the plaintiff's claims "across the line from conceivable to plausible." *Id.* at 570.

The Court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). The Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). In analyzing a Rule 12(b)(6) motion to dismiss, a court should normally only use the facts asserted in the complaint and any supporting documentation attached to the complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A court may, however, take judicial notice of matters of public record to support granting a Rule 12(b)(6) motion to dismiss. *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

In the Motion to Dismiss, Blue Yonder argues that the facts, alleged by Kinaxis in the pleadings and asserted by Kinaxis in other documents that the Court may take judicial notice of, regarding the existence of trade secrets do not support a plausible claim for relief on the trade secret misappropriation claim. One required element of a trade secret misappropriation claim under both Federal and Texas law is the existence of a trade secret. *Comput. Scis. Corp. v. Tata Consultancy Servs. Ltd.*, No 3:19-CV-970-X(BH), 2020 WL 2487057, at *3 (N.D. Tex. Feb 7, 2020), *adopted by, Comput. Scis. Corp. v. Tata Consultancy Servs. Ltd.,* No. 3:19-CV-00970-X, 2020 WL 1428941, at *1 (N.D. Tex. Mar. 24, 2020) (Starr, J.). For information to be a trade secret, the owner of that information must have taken reasonable measure to ensure the secrecy of the information. *Ruckleshaus v. Monsanto Co.*, 467 US 986, 1002 (1984); *Wilson v. Olsen*, No. 3:16-CV-934-L, 2019 WL 2080021, at *18 (N.D. Tex. May 10, 2019) (Lindsay, J.). Blue Yonder argues that since the information that is alleged to be a trade secret was available on the internet and not further protected in some manner, Kinaxis did not take reasonable efforts to maintain the secrecy of this information and because of this the information does not constitute trade secrets.

The Court disagrees with Blue Yonder's assessment of the alleged facts under a Rule 12(b)(6) standard. In the counterclaim, Kinaxis asserts a list of alleged facts that it alleges show Kinaxis took reasonable measures to keep the information confidential. While Kinaxis admits that the information, at one time, was stored without password protection at particular internet URLs, Kinaxis also asserts that the URLs were not

readily ascertainable to the public, were not easily decipherable, and included various layers to further hide the existence of the information. Kinaxis also argues that the URLs were only disseminated to those within Kinaxis that needed access to the information and to third parties that had entered into confidentiality agreements with Kinaxis. Kinaxis also asserts that it took efforts in an attempt to prevent the URLs from showing up on common search engine results.

Taking these alleged facts as true, which must be done under a Rule 12(b)(6) motion, these facts show a plausible basis for relief as claimed. What Blue Yonder asks the Court to do in the Motion to Dismiss is to make the factual determination that the alleged efforts to keep the information confidential were not reasonable. Making such a factual determination is reserved for the trier of facts and should not be made under a Rule 12(b)(6) motion.

Blue Yonder further argues that Kinaxis's trade secret misappropriation claim should be dismissed because Kinaxis did not and cannot allege plausible facts that show Blue Yonder's use of the alleged trade secrets. Blue Yonder asserts that the alleged facts regarding use of the trade secrets are simple conclusory allegations which are insufficient to plead a plausible claim. Use of a trade secret is another element of a trade secret misappropriation claim. *Comput. Scis. Corp.*, 2020 WL 2487057, at *3.

Blue Yonder points to two paragraphs in the counterclaim that summarily state that on information and belief Blue Yonder can use the information to compete with

Kinaxis and can use the information for a competitive advantage in developing products to compete with Kinaxis.

Blue Yonder does not point out, however, that the counterclaim makes clear that Blue Yonder and Kinaxis are close competitors in the same market; that they make similar products; and that the alleged trade secrets disclose details of how Kinaxis's products operate. From these allegations, when accepted as true, it is clear that use of the information would be beneficial to Blue Yonder in competing in the market with Kinaxis. In addition, the Court notes that any specific use by Blue Yonder of this information that would support a claim for trade secret misappropriation is very likely going to be entirely internal use of the information, and as such, this is not information that is readily discoverable at the pleading stage. For these reasons, the Court finds that Kinaxis has pled a sufficient factual basis to show that it is plausible that Blue Yonder used the alleged trade secrets and **denies** the Motion to Dismiss.

### III. Preliminary Injunction Motion

The Court now addresses Kinaxis's Preliminary Injunction Motion. The Court first notes that a Rule 12(b)(6) analysis of a claim is a much different analysis than whether or not a party is entitled to a preliminary injunction. Under a Rule 12(b)(6) analysis all that the is needed to defeat a motion to dismiss is the pleading of plausible facts that are accepted as true to show the claimed relief is plausible on its face. This is a relatively low burden. On the other hand, a preliminary injunction is extraordinary relief that requires a party to strictly prove all elements for entry of a preliminary

injunction. *Harris Cnty. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 312 (5th Cir. 1999); *Ass'n of Taxicab Operators, USA v. City of Dallas*, 760 F. Supp. 2d 693, 696 (N.D. Tex. 2010) (Kinkeade, J.). The elements of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable harm; (3) the threatened injury outweighs any damage that the injunction might cause; (4) and the injunction will not disserve the public interest. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). This burden is substantially higher than the pleading burden under a Rule 12(b)(6) analysis.

Kinaxis asserts that same alleged facts to support the Preliminary Injunction Motion that it used to oppose Blue Yonder's Motion to Dismiss. While these alleged facts are sufficient to meet Kinaxis's low Rule 12(b)(6) pleading requirements, the alleged facts do not rise to the level to show a substantial likelihood of success on the merits and are therefore insufficient to show that Kinaxis is entitled to entry of a preliminary injunction. The Court cannot conclude that Kinaxis has met its burden of proof on any of the elements for entry of a preliminary injunction. In addition, it is clear to the Court that the documents at issue appear to be directly relevant to Blue Yonder's patent infringement claims, which very likely makes them discoverable in this case. This means that Blue Yonder would likely be entitled to these documents in some format with appropriate protections in place. The Court has already issued a protective order in this case that makes those protections possible. Considering this, the Court cannot conclude that Kinaxis will suffer irreparable harm, that threatened injury

outweighs the damage that an injunction might cause, or that the injunction will not disserve the public interest.

Because Kinaxis has not met its burden of proof on the required elements for entry of a preliminary injunction, the Court **denies** the Preliminary Injunction Motion.

## IV. Conclusion

In conclusion, because Kinaxis has not met its burden of proof on the required elements for entry of a preliminary injunction, the Court **DENIES** the Preliminary Injunction Motion, and because Kinaxis has pled facts that meet Kinaxis's pleading requirements for a claim of trade secret misappropriation, the Court **DENIES** the Motion to Dismiss.

**SO ORDERED.**

Signed July 21st, 2021.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE