# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| BLUE YONDER GROUP, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:20-CV-03636-K |
| KINAXIS INC. and KINAXIS CORP., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the following motions (collectively the "Sealing Motions"):

- Kinaxis's Motion for Leave to File Under Seal Kinaxis's Motion to Exclude Expert Opinions of Sarah Butler and Shelly Irvine, Doc. No. 282;

- Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 284;

- Kinaxis's Motion for Leave to File Under Seal Kinaxis's Motion for Summary Judgment, Doc. No. 285;

- Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 287;

- Kinaxis's Motion for Leave to File Under Seal Kinaxis's Motion to Exclude Expert Opinions of James Pooley, Doc. No. 290;

- Plaintiff Blue Yonder Group, Inc.'s Unopposed Motion for Leave to File Under Seal, Doc. No. 292;

- Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 294;

- Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 296;

- Plaintiff Blue Yonder Group, Inc.'s Unopposed Motion to Seal, Doc. No. 301;

- Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 306;

- Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 308;

- Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 310;

- Kinaxis's Motion for Leave to File Under Seal Kinaxis's Opposition to Plaintiff Blue Yonder Group, Inc.'s Motion to strike Untimely Disclosed Trade Secrets and Exclude Expert Opinions of Dr. Thomas P. McGahee, Doc. No. 312;

- Kinaxis's Motion for Leave to File Under Seal Kinaxis's Brief in Support of Its Opposition to Plaintiff Blue Yonder Group, Inc.'s Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 315;

- Kinaxis's Motion for Leave to File Under Seal Kinaxis's Response to Plaintiff Blue Yonder Group, Inc.'s Motion for Partial Summary Judgment, Doc. No. 323;

- Plaintiff Blue Yonder Group, Inc's Unopposed Motion to Seal, Doc. No. 325;

- Kinaxis's Motion for Leave to File Under Seal Kinaxis's Reply to its Motion to Compel, Doc. No. 327;

- Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 335;

- Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 337;

- Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 339;

- Motion for Leave to File Under Seal Kinaxis's Sur-Reply to Plaintiff's Combined Reply to Kinaxis's Responses (Dkt. 343), Doc. No. 349;

- Kinaxis's Motion for Leave to File a Sur-Reply to Plaintiff Blue Yonder Group, Inc.'s Combined Reply to Defendants' Responses (Dkt. 343), Doc. No. 350; and

- Motion for Leave to File Under Seal Defendants' Rely to Plaintiff's Combined Response to Motion for Leave to File Under Seal (Dkt. 347), Doc. No. 353.

The Court now makes the following rulings regarding the sealing requests asserted within the Sealing Motions.

## I.    LEGAL STANDARD

The public enjoys presumptive access to documents filed with the Court. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). Although private interests may outweigh the public's presumptive right, the Court will deny the public access to documents only for weighty and specific reasons after "line-by-line" review of

the documents. *See IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 410 (5th Cir. 2023); *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019). Even good cause to deny access is not enough. *See June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022); *Jostens Inc. v. Haarsma*, Civ. Action. No. 3:22-CV-796-X, 2023 WL 6277357, at *1 (N.D. Tex. Sept. 26, 2023) (Starr, J.).

The Court is not free to override the public's interest in reviewing its records based on bare possibilities or assertions. *See Vantage Health*, 913 F.3d at 451. When the existence or magnitude of countervailing private interests turns on facts that are not readily apparent, the Court must have a concrete evidentiary basis for finding those facts. *See IFG Port Holdings,* 82 F.4th at 411–12 (refusing to rely on conclusory testimony about party's competitive interest); *see also Tarver v. Allstate Texas Lloyd's*, 2022 WL 704941, at *9 (E.D. Tex. Feb. 18, 2022), *rep. & rec. adopted*, 2022 WL 696358 (E.D. Tex. Mar. 7, 2022); *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 678–79 (3d Cir. 2019); *DePuy Synthes Prod., Inc. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364, 1373 (Fed. Cir. 2021). Interests that depend on project-specific, firm-specific, or industry-specific facts often will not be obvious and will require particularized evidentiary support. *See, e.g., Ironshore Specialty Ins. Co. v. Facility IMS, LLC*, Civ. Action No. 3:23-CV-296-K, 2023 WL 6850006, at *12 (N.D. Tex. Oct. 17, 2023) (Kinkeade, J.); *Bayer CropScience Inc. v. Syngenta Crop Prot., LLC*, 2013 WL 12137000, at *1 (M.D.N.C. Dec. 12, 2013); *In re Document Techs. Litig.*, 282 F. Supp. 3d 743, 748–

51 (S.D.N.Y. 2017); *TileBar v. Glazzio Tiles*, 2024 WL 1186567, at *27 (E.D.N.Y. Mar. 15, 2024).

## II.    KINAXIS'S SEALING REQUESTS

Kinaxis has filed an omnibus amended sealing brief in response to the Court's order issued May 30, 2024, Doc. No. 362. Per the Court's order, if a party opted to file an omnibus sealing brief, the Court will only consider the sealing requests properly presented and supported in the omnibus amended brief, and all earlier-filed sealing briefs submitted by that party, or any briefs in response thereto will not be considered by the Court. *Id*. For this reason, the Court DENIES all of Kinaxis's pending sealing requests in this matter that are not raised in Kinaxis's omnibus amended sealing briefing. Specifically, the Court herein only address Kinaxis's sealing requests that are included in the chart provided by Kinaxis as an appendix to Kinaxis's omnibus sealing brief, Doc. No. 368-1. All Kinaxis requests to seal information that are not contained within such chart are DENIED.

In addition, the Court's order, Doc. No. 362, required any party filing an omnibus amended brief to include argument, and if applicable, evidence in support of sealing each item requested to be sealed, in accordance with the Court's previous orders regarding sealing requests. *Id*. On the same day, the Court also issued a Memorandum Opinion and Order, Doc. No. 361, in which the Court, once again, set forth and applied the standards for sealing Court records in relation to sealing of material filed regarding a Kinaxis motion to compel. The Court now addresses Kinaxis's sealing request

included in the omnibus motion taking into consideration the argument and evidentiary support provided by Kinaxis in its omnibus sealing brief.

## A. The Rebuttal Expert Report of Nisha Mody, Ph.D.; Doc No. 282-4

Kinaxis requests that the Court seal a number of portions of the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 282-4 for a number of various reasons.

Kinaxis request that paragraphs 42, 60, 71-73, 76, and Appendix D of the report be sealed because these portions of the report contain confidential financial information. Courts may seal confidential financial information to prevent competitors from exploiting the information to the harm of the owner. *See 340B Holdings, LLC v. Bobo*, 2020 WL 9720461, at *2 (W.D. Tex. Apr. 15, 2020); *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, , 2017 WL 434207, at *2 (E.D. Tex. Feb. 1, 2017); *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225–26 (Fed. Cir. 2013); *see also Horizon River Rests. v. French Quarter Hotel Operator*, LLC, 2023 U.S. Dist. LEXIS 155051, at *3 (E.D. La. Aug. 31, 2023) ("Thus, while the public's right to access the court documents requires restraint in maintaining documents under seal the private entity's interest in the continued privacy of its internal financial information justifies an order sealing same.").

The Court agrees with Kinaxis's assertions that paragraphs 42, 60, 76, and Appendix D contain confidential business information that warrants sealing. Paragraph 42 contains Kinaxis's total revenue for a number of years and how much of that revenue was generated from the sales of the accused products. Likewise, paragraph 60 contains

total revenue numbers for various accused products for a number of years, including recent years. The chart of paragraph 76 also contains total accused software revenue, operating margins, and operating profits from accused software. Knowledge of such information in the hands of a competitor could likely cause financial harm to Kinaxis because those competitors could use this information to Kinaxis's harm, for example knowledge of revenues generated from the various software products and profit margins for those products could be used competitively against Kinaxis. Appendix D, which is a collection of tables related to damage model calculations, not only contains the same type of information, such as revenues and profits margins, but has this information in much more detail. In many cases, the information is broken out by product and year. In addition, revenue information is broken down by customer. The information in Appendix D clearly warrants sealing to prevent disclosure of detailed financial information that could be used to cause competitive harm to Kinaxis. For these reasons the Court seal paragraphs 42, 60, 76, and Appendix D.

The Court only partially agrees that sealing of paragraphs 71-73 is appropriate. Most of the paragraph discusses the methodology that Ms. Irvine, another expert witness in this matter, used to determine Kinaxis's operating profit margin related to the accused products. While disclosure of the actual operating profit margin could allow Kinaxis's competitors an unfair competitive advantage, the remainder of the information in these paragraphs does not contain any other Kinaxis financial

information. For this reason, the Court will unseal all of paragraphs 71 – 73, except for the actual operating profit margin, which shall remain under seal.

Kinaxis requests that the Court seal paragraphs 46, 52-54, and Appendix C of the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 282-4 because these portions of the report contain Kinaxis's competitive analysis information and customer information. Kinaxis asserts that it does not publicly disclose its customer list and that such disclose could be used competitively against Kinaxis because competitors could use this information to, for example, determine which types of customers prefer the features that Kinaxis's products offer. Competitors could use this information to gain an unfair advantage in targeting those types of customers. Kinaxis asserts that the information designated as competitive analysis information should remain under seal because disclosure of this information to competitors could give them an unfair business advantage because the competitors could use this information to determine confidential business operations, such as the inner workings of Kinaxis and Kinaxis's market strategies.

The Court agrees with Kinaxis's assertions that at least portions of paragraph 46 contain confidential customer and Kinaxis market strategy that warrants sealing. These portions are the portions of the table and slide identified by Kinaxis by highlighting in Kinaxis's Appendix, Doc. 369-1 that contain notes regarding competition for certain customers and pricing information for certain customer. Public disclosure of this level of Kinaxis's market, customer, and pricing policies and strategies could certainly be

used by a Kinaxis competitor to gain an unfair market advantage over Kinaxis. These portions of paragraph 46 shall remain sealed. The remainder of paragraph 46, which is not marked by Kinaxis shall be unsealed.

The same holds for the portions of paragraphs 52-54 identified by Kinaxis in its appendix by highlighting. These portions of these paragraphs contain not only Kinaxis's win/loss information, but also Kinaxis's market perspective on the driving factors for that win/loss information. For these reasons, the highlighted portions of paragraphs 52-54 identified by Kinaxis shall remain under seal. All other portions of these paragraphs shall be unsealed.

Kinaxis requests that the Court seal paragraphs 77-81 and 110 the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 282-4 because these portions of the report contain Kinaxis's strategic business information that is not readily available to the public.

For the most part, the Court disagrees with Kinaxis's assertion that paragraphs 77-81 contain confidential business information that warrants sealing. This portion of the report addresses Ms. Mody's criticisms of Ms. Irvine's report and in large part points out what Ms. Mody believes are problems with Ms. Irvine's methodology in generating her opinions. These sections of these paragraphs contain no confidential business information that could be used to gain a competitive advantage over Kinaxis. Kinaxis has particularly highlighted a table that lays out, in very general terms, Ms. Irvine's analysis of the *Georgia-Pacific* factors. The Court finds no reason that disclosure of this

information will cause any harm to Kinaxis, especially since the characterization is very general. The only portion of these paragraphs that appears to contain any confidential business information is a single sentence in paragraph 81 in which Ms. Mody quotes Ms. Irvine providing the detailed fee that Kinaxis was to pay under a partner agreement. This is the second sentence of the quote in paragraph 81. Disclosure of such confidential business information could be used against Kinaxis, for example, knowledge of the specific fee that Kinaxis is willing to pay a particular partner could be used against Kinaxis in negotiation of future similar contracts with others. Therefore, the Court shall seal this single sentence of paragraph 81. The remainder of paragraphs 77-81 shall be unsealed.

The Court also disagrees that with Kinaxis's assertion that disclosure of paragraph 110 contains confidential business information that warrants maintaining the paragraph under seal. Paragraph 110 addresses the costs to produce patent design work around options, including employee salary for those work arounds. Kinaxis has specifically highlighted one sentence that refers to the approximate salary of one employee. Kinaxis does not provide any convincing argument as to why the general discussion of employee costs should remain sealed or why disclosure of the approximate salary of one employee would cause Kinaxis any competitive harm. For example, Kinaxis does not provide any support to indicate that the disclosed approximate salary is not with the normal expected salary range for this type of employee. Kinaxis has not, therefore, shown any reason that its interest in protecting this information outweighs

the public's right to the information. For these reasons, paragraph 110 shall be unsealed.

Kinaxis also asserts that Appendix C of the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 282-4 should be sealed because this appendix contains, according to Kinaxis, Kinaxis's confidential customer information and related competitive market analysis information.

The Court agrees that this entire appendix warrants sealing. The appendix is a lengthy chart of Kinaxis's customers with detailed notes regarding Kinaxis's confidential competitive market analysis regarding many customers. This is the type of information that Kinaxis's competitors could use to gain an unfair market advantage over Kinaxis, which will result in substantial commercial harm to Kinaxis. This harm out weighs the public's interest in disclosure of this information. For these reasons, the Court seals the entirety of Appendix C of the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 282-4.

### B. Expert Report of Shelly Irvine, Doc. No. 282-6

Kinaxis request that the Court seal information contained within the Expert Report of Shelly Irvine, Doc. No. 282-6, for multiple reasons.

Kinaxis requests that the Court seal paragraphs 31, 32, 33, 34, 36, 37, 38, 39; footnotes 59, 60, 64, 66, and 68-73; and figures 4, 5, 6, 7 of this expert report because these portions of this report, according to Kinaxis, contain Kinaxis's competitive

analysis information that, according to Kinaxis will cause harm to Kinaxis if disclosed to the public.

The Court disagrees with Kinaxis's assertion that public disclosure of the text of paragraphs 31-34 and 36, and footnotes 59, 60, 64, and 66 will cause competitive harm to Kinaxis by disclosure of Kinaxis's competitive analysis information. The text of these paragraphs discuss, in rather general terms, some actions that Kinaxis takes to assess its competitive marketplace. These include keeping track of Kinaxis's sales successes over competitors and interviewing Kinaxis employees that have previously worked at competitors to better understand Kinaxis's market competition. None of the actions described are surprising activities that a company in a competitive market would perform. In addition, the disclosures in the text of these paragraphs does not provide details of any competitive analysis. Instead, they only disclose the existence of the competitive analysis. For these reasons, Kinaxis's interest in sealing this information does not outweigh the public's interest in disclosure. Therefore, the Court shall unseal paragraphs 31-34 and 36 and footnotes 59, 60, 64, and 66.

The Court agrees that disclosure of Figures 4, 5, 6, and 7 will cause harm to Kinaxis by disclosing the substance of Kinaxis's competitive market analysis. As opposed to the text of the paragraphs, these figures disclose Kinaxis's actual data, results, and conclusions of Kinaxis's internal marketplace analysis and Kinaxis's competitors could use this information to gain an unfair advantage over Kinaxis in the marketplace. For these reasons, the Court shall seal Figures 4, 5, 6, and 7 of this report.

The Court disagrees with Kinaxis's assertion that paragraphs 37, 38, and 39 and footnotes 68-73 warrant sealing. These paragraphs and footnotes discuss the fact that Kinaxis is a competitor of Blue Yonder, that the two companies are some of the top competitors in the field, and actions that Kinaxis took to market its products over Blue Yonder products. None of this information is particularly surprising or discloses any information that a competitor could use to its advantage in a manner that harms Kinaxis enough to outweigh the public's right of disclosure. For these reasons, the Court unseals paragraphs 37, 38, and 39 and footnotes 68-73.

Kinaxis requests that the Court seal paragraphs 61, 62, 65, 67, 78, 287, and 289; footnotes 132, 133, 134, and 840; and figures 11, 12, 13 because, according to Kinaxis, these portions of the report contain Kinaxis's information generally regarding Kinaxis's market strategy and confidential business operations, which, if disclosed, will cause harm to Kinaxis.

The Court unseals paragraphs 61 and 62, and footnotes 132, 133, and 134. These paragraphs and footnotes generally discuss Kinaxis's pricing guidelines for Kinaxis's products. They do not disclose actual Kinaxis product pricing. Instead, they generally discuss the well understood concept that, for software packages such as is offered by Kinaxis, the price of the product depends on the size of the customer purchasing the product. This information does not warrant sealing. For these reasons, the Court unseals paragraphs 61 and 62 and footnotes 132, 133, and 134.

Figure 11, on the other hand, does disclose information that competitors could unfairly use to disadvantage Kinaxis in the marketplace. This figure contains the pricing bands and actual prices that Kinaxis charged to customers for its various applications. Public disclosure of this information would allow Kinaxis's competitors to directly use this information to compete against Kinaxis, and Kinaxis's interest in protecting the confidentiality of this information outweighs the public's interest in disclosure. For these reasons, the Court seals Figure 11.

The Court agrees that paragraphs 65, 67, 78, and Figures 12, and 13 should be sealed. These paragraphs and figures discuss and provide information regarding Kinaxis's internal strategic decisions on how to package and market the various functionalities of its software applications. This strategic information is indicative of Kinaxis's business planning and strategy decisions which could be used competitively against Kinaxis. For these reasons, the Court seal paragraphs 65, 67, and 78 and Figures 12 and 13.

The Court agrees that paragraphs 287, 289, and footnote 840 should also be sealed, at least in part, because these sections of the report contain some of Kinaxis's confidential business information. In general, these portions of the report discuss Kinaxis's partner agreements. More specifically, these portions identify specific Kinaxis partners and the fee agreement between Kinaxis and those partners. Kinaxis has an interest in protecting disclosure of the identities of its partners and the fee agreement that it has with each of these partners to prevent Kinaxis being disadvantaged by the

disclosure of this information. Kinaxis may be harmed by public disclosure of this information because, for example, the disclosure may interfere with its current partner business relationships and may interfere with future negotiations with these and other possible partners. However, disclosure of the existence of the agreements and a general discussion of the agreements, which is what is contained in the remainder of these sections, will not harm Kinaxis. For these reasons, the Court seals the specific identities of the partners and the specific fee arrangements contained within these sections. The Court unseals the remainder of paragraphs 287, 289, and footnote 840.

Kinaxis requests that the Court seal paragraphs 79-100, and 280 of this report because these paragraphs contain information that Kinaxis asserts are trade secrets. Blue Yonder opposes the sealing of the information that Kinaxis asserts are trade secrets on the basis that the information cannot be trade secrets because it was publicly disclosed. This information relates to the Kinaxis Guides that Blue Yonder's outside counsel was able to access in preparation for the filing of this lawsuit. It remains a point of contention between the parties whether or not the information constitute trade secrets. This issue has not been resolved at this point in this litigation. The Court shall, for now, keep alleged trade secret information under seal until that underlying factual dispute is resolved. The paragraphs that Kinaxis wishes to seal in this report, however, for the most part, do not appear to contain any trade secret information.

The information that Kinaxis alleges are trade secrets is the information that is included within the Kinaxis Guides. Paragraphs 79, 80, 81, 90, 93, and 97 of this report

contain actual quoted text from a Kinaxis Guide. The remainder of these paragraphs and paragraphs 82-89, 91, 92, 94-96, 98-100, and 280 do not contain any quoted text from any Kinaxis Guides. In addition, the discussion regarding the functionality of Kinaxis products and how that functionality is described in the Kinaxis Guides is only disclosed in the most general nature in these portions of the report. For example, the report, in several places, names and describes functional features. The names of the functions do not appear to be trade secret information, and the descriptions of the functions are so general it is hard to see how disclosure of such information would result in disclosure of a Kinaxis trade secret. Kinaxis does not explain how this would be so.

For these reasons, the Court seals the specifically quoted language from the Kinaxis Guides that are contained within paragraphs 79 – 81, 90, 93, and 97. The Court unseals all other portions of paragraphs 79 – 81, 90, 93, and 97 and all of paragraphs 82-89, 91, 92, 94-96, 98-100, and 280. The Court's sealing of paragraphs 79 – 81, 90, 93, and 97 is conditional and may be further reviewed after the issue of whether or not the Kinaxis Guides are trade secrets is resolved in this matter.

Kinaxis requests that the Court seal paragraphs 121, 256, 266, 300, 302, 303, 306, 308, 311-313, 314, 317, 321, 322, 324, 327, 331-333, 334, 337; Figures 23, 24; footnote 871; and appendix pages 750-755, 757, 761, 765-766, and 768-769 because, according to Kinaxis, they contain Kinaxis's confidential financial information.

The Court agrees that most of these sections of the report warrant sealing because they contain Kinaxis's confidential financial information. Paragraphs 121, 256, 306, 308, 311-313, 321, 322; Figures 23 and 24; and footnote 871 contain total revenue for Kinaxis and specific detailed revenue information regarding accused products for a number of years, including very recent years. Paragraphs 266, 314, 317, 324, 327, 331-333, 334, and 337 disclose Kinaxis profit margins. Paragraph 300 includes fee sharing details. Appendix pages 750-755, 757, 761, 765-766, and 768-7 contain detailed Kinaxis product and yearly revenue information. All of this information warrants sealing because Kinaxis's revenues and profits margins could be unfairly used competitively against Kinaxis by its competitors and the public has little interest in this information. The Court notes, however, that while the specific revenue and profit margin numbers warrant sealing, these sections contain much other information that does not warrant sealing. For these reasons, the Court seals all specific revenue and profit margin amounts contained within paragraphs 121, 256, 266, 300, 306, 308, 311-313, 314, 317, 321, 322, 324, 327, 331-333, 334, 337 and Figures 23, 24 and footnote 871 and appendix pages 750-755, 757, 761, 765-766, and 768-769. All other information within these sections of the report shall be unsealed.

The Court does not agree that paragraphs 302 and 303 should be sealed. The only information related to Kinaxis's revenue in these paragraphs are the expert's total damages opinions for two patents in suit. They do not contain actual Kinaxis revenues. The paragraph does not even relate the adjusted total revenue to any particular Kinaxis

products. Instead, the expert's adjusted total revenue is tied to the patents in suit. This does not disclose any particular detailed Kinaxis financial information. For these reasons, the Court unseals paragraphs 302 and 303 of this report.

Kinaxis asserts that paragraphs 127-129, 159-212, and footnotes 586 and 744 should be sealed because these sections contain Kinaxis's confidential customer information.

The Court agrees that all these sections should be sealed. These sections provide more than simply the identities of various Kinaxis customers. Paragraphs 127-129 provide specific customer feedback and preference information gathered by Kinaxis. Paragraphs 159-212 provide detailed Kinaxis sales terms and agreements regarding a number of customers. Footnotes 586 and 744 include similar information and customer and licensing information. Disclosure of this level of customer information including sales terms and prices, customer identities, and customer preferences and motivating factors could very well be used unfairly to compete with Kinaxis, and Kinaxis's interest in preventing disclosure of this information outweighs the public's interest in disclosure. For these reasons, the Court seals paragraphs 127-129, 159-212, and footnotes 586, and 744.

Kinaxis also requests that Court seal footnote 289 of the Expert Report of Shelly Irvine, Doc. No. 282-6. Kinaxis asserts that the name of a particular Kinaxis customer should be sealed from this footnote.

The Court disagrees. Kinaxis has failed to show that it will suffer any harm that outweighs the public's interest in open court records if the name of one Kinaxis customer is disclosed. For these reasons, the Court unseals footnote 289 of the Expert Report of Shelly Irvine, Doc. No. 282-6.

### C. Plaintiff Blue Yonder Group, Inc.'s Brief in Support of its Motion to Exclude Testimony By Drs. Handfield and Gupta Regarding Non-Infringing Alternatives Under FRCP 702, Doc. No. 284-3

Kinaxis asserts that the Court should seal certain information contained within the Plaintiff Blue Yonder Group, Inc.'s Brief in Support of its Motion to Exclude Testimony By Drs. Handfield and Gupta Regarding Non-Infringing Alternatives Under FRCP 702, Doc. No. 284-3.

Kinaxis asserts that portions of this motion contain Kinaxis technical information and source code information that warrants sealing. These include portions of pages 3, 4, 10, and 11 as identified by Kinaxis in the appendix to its omnibus sealing motion, Doc. No. 369-1.

The Court denies all of Kinaxis's sealing requests in relation to this motion. The portions of page 3, 4, and 10 that Kinaxis wants to be sealed relate to the possibility of non-infringing alternatives and the possibility of implementing non-infringing alternatives. These passages do not disclose any specific code or technical information. At most, the passages disclose the name of a function of an accused product. Even though the name is somewhat descriptive as to the purpose of the function, this alone

19

is insufficient in this context to say that Kinaxis's interest in preventing disclosure of this information is sufficient to overcome the public's interest in open records.

The information that Kinaxis wants to be sealed on page 11 of its motion is a screen shot from Kinaxis's RapidResponse software. While, as Kinaxis asserts, this software is proprietary, it is also true that Kinaxis sells this software to several customers who would be able to see information displayed by the software. In addition, Kinaxis provides no detailed information as to how disclosure of the information contained within this screenshot would harm Kinaxis.

For these reasons, the Court unseals all the Plaintiff Blue Yonder Group, Inc.'s Brief in Support of its Motion to Exclude Testimony By Drs. Handfield and Gupta Regarding Non-Infringing Alternatives Under FRCP 702, Doc. No. 284-3.

**D. Appendix to Blue Yonder Group, Inc.'s Motion to Exclude Testimony by Drs. Handfield and Gupta Regarding Non-Infringing Alternatives Under FCRP 702, Doc. No. 284-4.**

Kinaxis also requests that the Court seal information contained within the Appendix to Blue Yonder Group, Inc.'s Motion to Exclude Testimony by Drs. Handfield and Gupta Regarding Non-Infringing Alternatives Under FCRP 702, Doc. No. 284-4.

Exhibit 1 of this appendix is the Defendants' Ninth Supplemental Objections and Response to Plaintiff's Interrogatories, and Exhibit 2 is extracted portions of the Rebuttal Expert Witness Report of Arun Gupta, Ph.D. Of these two exhibits, Kinaxis indicates by highlighting in the appendix to Kinaxis's omnibus sealing motion (Doc.

20

369-1) that Kinaxis requests sealing of portions of pages 5, 6, 7, 8, 9, 14, 16, 17, and 19 (original appendix numbering) of the appendix at Doc. No. 284-4, which are all either portions of Exhibit 1 or Exhibit 2.

All of the portions of Exhibit 1 and Exhibit 2 that Kinaxis requests to be sealed address the same information or same type of information addressed above in relation to the motion accompanying this appendix. That is, the portions requested to be sealed all contain information regarding the names of files of Kinaxis's source code or information regarding the amount of time that it might take to develop non-infringing alternatives. Like the same type of information contained in the motion, this information in the appendix to the motion also does not warrant sealing. Kinaxis provides no viable explanation as to how disclosure of an estimate of the amount of time that it might to take to produce a non-infringing alternative might cause it some type of harm. As to the names of the files within the source code, as noted above, these names are descriptive names that appear to indicate the function that the underlying source code was intended to perform. However, only these names are disclosed, and no actual source code is disclosed. Considering this, it is hard for the Court to say that Kinaxis has any protectable interest in this information because the harm that disclosure would cause to Kinaxis of only a file name is unclear. For these reasons, the Court unseals all of pages 5, 6, 7, 8, 9, 14, 16, 17, and 19 of this appendix, Doc. No. 284-4.

Kinaxis also asks the Court to seal portions of Exhibits 4, 5, and 6 of this appendix. Exhibit 4 contains extracts from the Transcript of Robert Handfield, Ph.D. Exhibit 5 is the Rebuttal Expert Report of Robert Handfield, Ph.D. Regarding U.S. Patent Nos. 7,050,874, 7,574,383, and 7,788,145. Exhibit 6 contains excerpts of the Transcript of Gelu Ticala, Designated Representative & Individually.

Kinaxis has identified, with highlighting and page cites, the information that Kinaxis asserts should remain under seal in Exhibits 4, 5, and 6, which occur on pages 32, 33, 34, 39, 40, 42, 43, 48, and 49 of the appendix (Doc. No. 284-4, using original page numbers) to this motion. Like the previously discussed sealing requests, Kinaxis asserts that all of these sealing requests should be granted because the information contains confidential source code and technical information. Also, like in the previous requests, the Court disagrees.

Almost all of the information that Kinaxis wants to seal is the same type of information that the Court has, above, held should not remain sealed. This information provides the name of source code files but does not provide any actual source code. As discussed above, Kinaxis has not shown that it has an interest in preventing disclosure of the names of files that is greater than the public's right to open Court records. The Court notes, that portions of these sealing requests provide the name of a function as it is labeled in Kinaxis's software, as opposed to the name of a file. Only the names of the functions and not the way or manner that the functions are performed is disclosed. This does not appear to the Court to be substantially different than providing the name

of a source code file, and it is also not a disclosure that will cause Kinaxis harm that outweighs the public's interest.

The portions of Exhibit 6 that Kinaxis wants sealed, which contains deposition transcripts from the deposition of Gelu Ticala, contains some additional information regarding Kinaxis's source code. However, just like all the other sealing requests above, this portion of the transcript does not disclose any particular source code. It is simply a discussion of the general nature of the source code and what version of the source code the individuals are discussing. This type of information does not rise to the level of technical detail that Kinaxis has the right to keep from public disclosure.

For these reasons, the Court unseals pages 32, 33, 34, 39, 40, 42, 43, 48, and 49 of this appendix, Doc. No. 284-4(using original page numbers).

### E. Exhibits 9 and 10 to Kinaxis's Brief In Support of Its Motion For Summary Judgment, Doc. No. 285-8 and 285-9.

Kinaxis also request that the Court seal Exhibits 9 and 10 to Kinaxis's Brief In Support of Its Motion For Summary Judgment, Docs. 285-8 and 285-9. Exhibits 9 and 10 of this summary judgment motion are both Kinaxis Guides that Kinaxis asserts contain trade secrets. As discussed above, Blue Yonder contends that these guides cannot be trade secrets because they were publicly available in the past. This is a point of contention between the parties and is an issue that has yet to be resolved.

Like other alleged trade secret Kinaxis Guide information, the Court will maintain these documents under seal until resolution of the matter of whether or not the Kinaxis Guides are trade secrets. For that reason, the Court conditionally seals

Exhibits 9 and 10 to Kinaxis's Brief In Support of Its Motion For Summary Judgment, Doc. Nos. 285-8 and 285-9.

### F. Exhibit 11 to Kinaxis's Brief In Support of Its Motion For Summary Judgment, Doc. 285-10.

Kinaxis also requests that the Court seal portions of Exhibit 11 to Kinaxis's Brief In Support of Its Motion For Summary Judgment, Doc. 285-10. Exhibit 11 is "Appendix C" to the expert report of Dr. Doug Thomas. Kinaxis requests sealing of paragraphs 10-23 and 278-285 of this document because, according to Kinaxis, these paragraphs contain confidential discussions of Kinaxis's technical information gleaned from confidential manuals.

The Court agrees with Kinaxis that the entirety of paragraphs 10-23 and 278-285 warrant sealing. In these paragraphs, this document provides substantial detailed information regarding the operations, functions, capabilities, and characteristics of Kinaxis's products. The level of detail rises above and beyond merely descriptive information and to the level of detail that a competitor could use to that competitor's market advantage over Kinaxis. Kinaxis's interest, therefore, in protecting the confidentiality of this information outweighs the public's interest in open Court records. For these reasons, the Court seals paragraphs 10-23 and 278-285 of Exhibit 11 to Kinaxis's Brief In Support of Its Motion For Summary Judgment, Doc. 285-10.

### G. Exhibit 13 to Kinaxis's Brief In Support of Its Motion For Summary Judgment, Doc. 285-12.

Kinaxis requests that the Court seal Exhibit 13 to Kinaxis's Brief In Support of Its Motion For Summary Judgment, Doc. 285-12. Exhibit 13 contains an image of a slide from a meeting of Kinaxis's patent council. The slide contains information regarding Kinaxis's intellectual property and patenting strategy. This information is clearly Kinaxis confidential information relating to its intellectual property strategy, which could be used against Kinaxis by one of Kinaxis's competitors. Kinaxis's interest in preventing disclosure of this information clearly outweighs the public's interest in disclosure. For this reason, the Court will seal the entirety of Exhibit 13 to Kinaxis's Brief In Support of Its Motion For Summary Judgment, Doc. 285-12.

### H. Plaintiff Blue Yonder Group, Inc.'s Brief In Support of Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-3.

Kinaxis requests that the Court seal certain dollar amount included in the Plaintiff Blue Yonder Group, Inc.'s Brief In Support of Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-3. Kinaxis asserts that these dollar amounts are confidential Kinaxis financial information. The Court disagrees.

The particular dollar amounts that Kinaxis wants to keep sealed are not Kinaxis confidential financial information. Instead, the amounts that Kinaxis wants to be sealed are the Kinaxis's own damages expert's opinion on a reasonable royalty that Blue Yonder should be awarded if Blue Yonder is successful on Blue Yonder's patent infringement claims in this lawsuit. This is not Kinaxis financial information, and sealing of this information is not warranted. For these reasons, the Court unseals

Plaintiff Blue Yonder Group, Inc.'s Brief In Support of Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-3.

### I. Appendix to Blue Yonder Group Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4.

Kinaxis requests the Court seal certain information contained within the Appendix to Blue Yonder Group Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4. Kinaxis requests the sealing of information included in Exhibits 1, 2, and 3 of this appendix.

Exhibit 1 of this appendix contains excerpts from the Rebuttal Expert Report of Nisha Mody, Ph.D. Exhibit 2 contains excerpts of the deposition transcript of Nisha Mody. Exhibit 3 contains excerpts from the Opening Expert Report of Shelly Irvine.

Kinaxis requests the sealing of paragraphs 42, 60, and of footnotes 110, and 111 of Exhibit 1 of this appendix because, according to Kinaxis, these portions of the exhibit contain confidential Kinaxis financial information. Kinaxis also asserts the footnotes should be sealed because they contain Kinaxis customer information.

The Court agrees that the financial data highlighted in paragraphs 42 and 60 warrants sealing. This information is the same Kinaxis revenue information that the Court sealed above in the sealing requests of other documents. Therefore, the Court seals the specifically highlighted revenue and margin information identified by Kinaxis in paragraphs 42 and 60 of Exhibit 1, Rebuttal Expert Report of Nisha Mody, Ph.D., contained within the Appendix to Blue Yonder Group Inc.'s Motion to Exclude Expert

Opinions of Dr. Nisha Mody, Doc. No. 293-4. The remainder of paragraphs 42 and 60 shall be unsealed.

The Court disagrees with Kinaxis's assertion that footnote 110 of Exhibit 1, Rebuttal Expert Report of Nisha Mody, Ph.D., should be sealed because it contains confidential Kinaxis financial or customer information. This footnote does not contain any financial information. It does contain some information regarding the reasons that Kinaxis believes customers choose Kinaxis products over competitor's product. However, this information is only very general in nature and does not disclose any specific detailed information collected by Kinaxis in analyzing its customer base and their needs. For these reasons, the Court unseals footnote 110 of Exhibit 1, Rebuttal Expert Report of Nisha Mody, Ph.D., contained within the Appendix to Blue Yonder Group Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4.

The Court, however, agrees that footnote 111 warrants sealing because it contains confidential Kinaxis customer information. This footnote contains direct and specific information that Kinaxis had collected from customers regarding the customers reasons for choosing Kinaxis or competitor's products. This is information that Kinaxis collected and held confidential to better understand its customer base, their needs, and how Kinaxis's products meet those needs compared to Kinaxis's competitor's products. For these reasons, Kinaxis's interest in keeping this information confidential outweighs the public's interest in disclosure. The Court seals footnote 111 of Exhibit 1, Rebuttal

Expert Report of Nisha Mody, Ph.D., contained within the Appendix to Blue Yonder Group Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4.

Kinaxis requests that the Court seal portions of Exhibit 2 to the Appendix to Blue Yonder Group Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4. This exhibit includes excerpts from the deposition transcript of Nisha Mody, Ph.D. Kinaxis requests sealing of the following passages 174:7, 174:9, 176:2-4 176:18-19; 177:5; 177:13; 177:18-19. Kinaxis asserts that all of these passages should be sealed because the contain Kinaxis confidential financial information.

The Court disagrees with Kinaxis's assertion that these passages warrant sealing because they contain Kinaxis confidential financial information. These passages do not contain any Kinaxis financial information or details. Instead, these passages discuss this expert's opinions as to what reasonable royalty rates would be for the patent in suit. There is no other financial information in these passages. For these reasons, the Court unseals all of Exhibit 2 to the Appendix to Blue Yonder Group Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4.

Kinaxis requests the sealing of portions of Exhibit 3 to the Appendix to Blue Yonder Group Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4. Exhibit 3 contains excerpts from the Expert Report of Shelly Irvine. The Court has already addressed sealing of portions of this expert report above in regards to Kinaxis's sealing requests for the Expert Report of Shelly Irvine, Doc. No. 282-6. The sealing requests regarding Exhibit 3 to the Appendix to Blue Yonder Group Inc.'s

Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4 that have already been addressed in the sealing requests for the Expert Report of Shelly Irvine, Doc. No. 282-6 are the sealing of paragraphs 78, 79-100, 121, 127, 128, 303, and 306. The Court seals or unseals each of these paragraphs in accordance with the Court's order above regarding the sealing of the Expert Report of Shelly Irvine, Doc. No. 282-6.

The remaining sealing requests regarding Exhibit 3 to the Appendix to Blue Yonder Group Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4, which were not addressed in the sealing requests of the Expert Report of Shelly Irvine, Doc. No. 282-6 are the sealing of paragraphs 110, 122, 125-126, and 305.

Kinaxis asserts that paragraphs 110 and 122 should be sealed because they contain Kinaxis's confidential financial information. The excerpts of Exhibit 3 to the Appendix to Blue Yonder Group Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4 does not include paragraph 110 of the Expert Report of Shelly Irvine. The Court denies this request as moot. As to paragraph 122, the Court unseals this paragraph. This paragraph does not appear to contain any confidential information. Instead, the paragraph appears to include only information about Kinaxis's market share from publicly available information. For these reasons the Court unseals paragraph 122 of Exhibit 3 to the Appendix to Blue Yonder Group Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4.

Kinaxis requests sealing of paragraphs 125-126 because, according to Kinaxis, these paragraphs contain Kinaxis's confidential competitive analysis information. These paragraphs relate to Kinaxis's attempts to track wins and losses in the marketplace and to interview customers or potential customers as to why they did or did not chose a particular product.

The Court disagrees with Kinaxis's assertion that paragraph 125 should be sealed. This paragraph does not contain any specific customer response details regarding Kinaxis's competitive analysis. It simply outlines some of the actions that Kinaxis takes to perform its competitive analysis. For these reasons, the Court unseals paragraph 125 of Exhibit 3 to the Appendix to Blue Yonder Group Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4.

The Court agrees that paragraph 126 contains detailed confidential market analysis data that Kinaxis has an interest in preventing disclosure. This paragraph provides specific customer feedback information from specific customers or potential customers that Kinaxis has collected as part of its confidential competitive analysis. For these reasons, the Court seals paragraph 126 of Exhibit 3 to the Appendix to Blue Yonder Group Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4.

Kinaxis also asserts that the Court should seal paragraph 305 of the Expert Report of Shelly Irvine, which is Exhibit 3 of the Appendix to Blue Yonder Group Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4.

Kinaxis asserts that paragraph 305 of this report should be sealed because, according to Kinaxis, it contains Kinaxis's trade secrets and technical information. The Court disagrees. This paragraph includes the names of two applications of Kinaxis's RapidResponse product. Kinaxis has not shown that disclosure of the names of these applications is going to cause some harm to Kinaxis that outweighs the public's interest in open court records. For these reasons, the Court unseals paragraph 305 of the Expert Report of Shelly Irvine, which is Exhibit 3 of the Appendix to Blue Yonder Group Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4.

### J. Brief in Support of Plaintiff Blue Yonder Group, Inc.'s Motion to Strike Untimely Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 294-3.

Kinaxis requests sealing of portions of the Brief in Support of Plaintiff Blue Yonder Group, Inc.'s Motion to Strike Untimely Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 294-3.

Kinaxis asserts that footnote 1 and all of page 5 of this brief should be sealed because, according to Kinaxis, they contain Kinaxis's trade secret information. The Court disagrees. Footnote 1 and page 5 of this brief do not appear to disclose the details or content of any alleged trade secrets. Instead, footnote 1 contains only the names of alleged trade secrets without any further disclosure of any details of the alleged trade secrets and page 5 merely discusses, in a very general manner, Kinaxis's assertion of trade secrets in this matter. Kinaxis also asserts that footnote 1 also should be sealed because it contains confidential source code. It does not appear to contain any source

31

code whatsoever. For these reasons, the Court unseals Footnote 1 and page 5 of the Brief in Support of Plaintiff Blue Yonder Group, Inc.'s Motion to Strike Untimely Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 294-3.

Kinaxis requests that "sentences and footnotes at" pages 11-12 of the Brief in Support of Plaintiff Blue Yonder Group, Inc.'s Motion to Strike Untimely Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 294-3 should be sealed because these passages contain Kinaxis's confidential financial information and trade secrets. Kinaxis also asserts that pages 13-14 and footnote 3 of the same document should be sealed because they contain Kinaxis confidential financial information.

The Court first notes that neither page 11 nor page 12 contain any footnotes. For this reason, the Court denies the requests to seal the footnotes on pages 11 and 12 as moot.

The Court disagrees that any of the actual content on pages 11-14 of the Brief in Support of Plaintiff Blue Yonder Group, Inc.'s Motion to Strike Untimely Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 294-3 warrants sealing. These pages simply discuss Mr. McGahee's opinion as to trade secret damages and his methodology used to generate those opinions. They do not contain any Kinaxis trade secrets or financial information. For these reasons, the Court unseals pages 11-14 of the Brief in Support of Plaintiff Blue Yonder Group, Inc.'s Motion to

Strike Untimely Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 294-3.

### K. Defendants' Ninth Supplemental Objections and Responses to Plaintiff's Interrogatories (Nos. 1-2), Doc. No. 294-4.

Kinaxis asserts that portions of the Defendants' Ninth Supplemental Objections and Responses to Plaintiff's Interrogatories (Nos. 1-2), Doc. No. 294-4, which was filed as Exhibit 2 to the Brief in Support of Plaintiff Blue Yonder Group, Inc.'s Motion to Strike Untimely Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 294-3, should be sealed.

Specifically, Kinaxis asserts that portions of appendix pages 10-15 and 21-33 of Exhibit 2 should be sealed because they contain Kinaxis's trade secrets. The Court agrees that these pages of this exhibit should remain conditionally sealed. As discussed above, Kinaxis asserts that the Kinaxis Guides are trade secrets and Blue Yonder disputes this allegation. This is a factual issue that has not yet been resolved at this point in this litigation. While the cited pages, in some portions, generally discuss information from some Kinaxis Guides, other sections of the cited pages contain much more detailed discussion of the contents of the Kinaxis Guides including table and function names and information on how those functions are performed. This is sufficient detail from the Kinaxis Guides to warrant conditional sealing of these pages to prevent disclosure of the information that Kinaxis asserts are trade secrets. For these reasons, the Court conditionally seals appendix pages 10-15 and 21-33 of Exhibit 2 of the Brief in Support of Plaintiff Blue Yonder Group, Inc.'s Motion to Strike Untimely

Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 294-3 filed as the Defendants' Ninth Supplemental Objections and Responses to Plaintiff's Interrogatories (Nos. 1-2), Doc. No. 294-4.

**L. Expert Report of Thomas P. McGahee, Ph.D., Doc. No. 294-5.**

Kinaxis requests sealing of portions of Exhibit 3 to Plaintiff Blue Yonder Group, Inc.'s Motion to Strike Untimely Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 294-3, which is the Expert Report of Thomas P. McGahee, Ph.D., Doc. No. 294-5.

Kinaxis requests that the Court seal paragraph 18 of this expert report because, according to Kinaxis, this paragraph contains Kinaxis's trade secrets. Paragraph 18 of this report is over 20 pages long and extensively discusses many of the features and functions of Kinaxis's products as they are described in the Kinaxis Guides. Since Kinaxis has asserted that these guides are Kinaxis trade secrets, the Court conditionally seals the entirety of paragraph 18, including all figures, until resolution of the dispute over whether the Kinaxis Guides are in fact trade secrets.

Kinaxis also requests the Court to seal paragraphs 31-40, 43, and 49-51 and corresponding footnotes to these paragraphs because, according to Kinaxis, these paragraphs and their footnotes contain Kinaxis's confidential financial information and business information.

The Court first addresses Kinaxis's request to seal footnotes 175-181, 184, 187-197, 199-202, 207, 208, 221- 225, and 227. Instead of specifically pointing out

footnotes to the above listed paragraphs that actually might contain specific information that warrants sealing, Kinaxis asserted that all of the footnotes for those paragraphs should be sealed because they also contain Kinaxis's confidential financial information and business information. The Court points out that almost all of the relevant footnotes very clearly do not contain and financial or business information whatsoever. Instead, many of these footnotes are simply cites to source documents without anything other than identifying the source document by name. They in no way contain any information that warrants sealing.

The Court specifically raises this issue to avoid future waste of time and resources caused by a party's over designation of material for sealing, especially when, as in this case, there is absolutely no legitimate basis for requesting that the information be sealed. Doing so only wastes the time and resources of both the parties and of this Court and will not be further tolerated by the Court.

Since footnotes 175-181, 184, 187-197, 199-202, 207, 208, 221- 225, and 227 do not contain any information at all that warrants sealing, the Court unseals footnotes 175-181, 184, 187-197, 199-202, 207, 208, 221- 225, and 227 of the Expert Report of Thomas P. McGahee, Ph.D., Doc. No. 294-5.

The Court disagrees with Kinaxis's assertion that paragraphs 18, 31, 32, 33, 38, 50 and 51 of this expert report should be sealed. These paragraphs do not contain any specific Kinaxis business or financial information. Instead, these paragraphs provide the expert's understanding, methodology, and ultimate damages opinions. For these

reasons, the Court unseals paragraphs 18, 31, 32, 33, 38, 50 and 51 of the Expert Report of Thomas P. McGahee, Ph.D., Doc. No. 294-5.

The Court agrees that paragraphs 35 (including Table 3), 37, 39 (including Figure 7), 40, and footnotes 183, 185 198, and 226 warrant sealing because these portions of the report contain detailed information regarding Kinaxis's confidential market analysis, detailed product pricing information, and/or trade secrets. In these portions, the disclosures are sufficiently substantial enough to warrant sealing of the entire paragraph, table, or footnote. For these reasons, the Court seals paragraphs 35 (including Table 3), 37, 39 (including Figure 7), 40, and footnotes 183, 185 198, and 226 in their entirety.

The Court agrees that at least part of paragraphs 33, 34, 36, 43, 49, and footnotes 182, and 186 warrant sealing.

Regarding paragraph 33, the Court does not find any information in the text of this paragraph that warrants sealing, however, Table 2 of this paragraph contains confidential product pricing information that warrants sealing. Regarding paragraph 34, most of this paragraph does not contain any confidential information. The only confidential information is the actual dollar amount of the total monthly list price contained in the last sentence of this paragraph. Regarding paragraph 36, much of this paragraph is simply the expert's explanation as to how the expert developed his opinion. This information does not warrant sealing. The paragraph does, however, contain a monthly list price in the first sentence and profits and revenue information in Table 4

of this paragraph. This information is Kinaxis's confidential financial information and sealing is warranted to protect Kinaxis from competitive harm that would result in disclosing this information. Regarding paragraph 43, this paragraph also mostly contains the expert's process for formulating his opinions, but also contains some confidential Kinaxis financial information. The information regarding how the expert developed his opinions does not warrant sealing. The specific Kinaxis financial information contained within that explanation does. Regarding paragraph 49, this paragraph also mostly contains the expert's explanation of the methodology used to formulate the expert's opinions, which does not warrant sealing. The only reference in this paragraph that warrants sealing is the specific dollar amount related to revenues and profits contained in section e. of this paragraph.

Regarding footnote 182, the total revenue information for 2019 warrants sealing. The remainder of the information in this footnote does not warrant sealing. Regarding footnote 186, the only specific financial information contained within this footnote relates to the disclosure of module pricing information contained with the last three lines of this footnote. This information warrants sealing. The remainder of the footnote does not.

For these reasons, the Court seals: Table 2 of paragraph 33; the actual dollar amount of the total monthly list price contained in the last sentence of paragraph 34; all text of paragraph 34 except monthly list price amount; the monthly list price in the first sentence and all of Table 4 of paragraph 36; all specific dollar amounts and all of

Table 6 of paragraph 43; the specific dollar amount related to revenues and profits contained in section e. of paragraph 49; the last three lines of footnote 182; and the specific revenue dollar amount of footnote 186.

The Court declines to seal the remainders of paragraphs 33, 34, 36, 43, and 49 and of footnotes 182 and 186.

**M. Transcript of Thomas P. McGahee, Ph.D., Doc. No. 294-6.**

Kinaxis requests sealing of portion of Exhibit 3 to Plaintiff Blue Yonder Group, Inc.'s Motion to Strike Untimely Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 294-3, which is the Transcript of Thomas P. McGahee, Ph.D., Doc. No. 294-6.

Kinaxis asserts that passages 68:22-3, 92:5-10, 92:16-18, 92:20-21, 105:1-106:2, 123:4-23, 124:2-4, 124:14-15, 124:17-18, 124:20, 124:22, 136:20, 136:23, 154:19 and 155:3 should be sealed because these passages contain Kinaxis's financial information, competitive analysis information, confidential business information. The Court disagrees with Kinaxis's assertion that this information warrants sealing. The passages that Kinaxis asks the Court to seal do not appear to contain any confidential information that warrants sealing. At the most, some of the passages contain some general references to pricing changes and customer names. More of the information is related to the expert's ultimate opinions and methodologies used to form those opinions. None of this information is the type of information that the disclosure of would cause harm to Kinaxis that outweighs the public's interest in open court records.

For these reasons, the Court unseals passages 68:22-3, 92:5-10, 92:16-18, 92:20-21, 105:1-106:2, 123:4-23, 124:2-4, 124:14-15, 124:17-18, 124:20, 124:22, 136:20, 136:23, 154:19 and 155:3 of the Transcript of Thomas P. McGahee, Ph.D., Doc. No. 294-6.

Kinaxis also requests the Court to seal passages 108:3-6, 108:9-12, 109:3-7, 109:16, 109:25, 110:2-25, 111:14-15, 112:5-7, 112:13-16, and 112:19 because, according to Kinaxis, these passages contain Kinaxis's trade secrets. The Court disagrees. While these passages contain some discussion about the possible competitive advantages of Kinaxis's trades secrets, these passages do not disclose or discuss what those alleged trade secrets are. There is no apparent reason to seal these passages because there is no indication that disclosure of the information contained within the passages would cause any harm to Kinaxis. For these reasons, the Court unseals passages 108:3-6, 108:9-12, 109:3-7, 109:16, 109:25, 110:2-25, 111:14-15, 112:5-7, 112:13-16, and 112:19 of the Transcript of Thomas P. McGahee, Ph.D., Doc. No. 294-6.

**N. Kinaxis Presentation Regarding Top JDA Customers, Doc. No. 294-8.**

Kinaxis requests sealing of the entirety of Exhibit 6 to Plaintiff Blue Yonder Group, Inc.'s Motion to Strike Untimely Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 294-3, which contains a copy of a Kinaxis presentation regarding the top JDA customers, Doc. No. 294-8. Kinaxis asserts

that the entire document should be sealed because it contains Kinaxis's confidential competitive analysis and business information.

The Court agrees with Kinaxis. The presentation appears to be an internal Kinaxis presentation that includes the results of Kinaxis's confidential competitive analysis efforts and includes analyses of the strengths and weaknesses of Kinaxis's and others' products, from a customer perspective. Kinaxis has a strong interest in preventing disclosure of this material because it could be used by Kinaxis's competitors to obtain an unfair market advantage over Kinaxis. This outweighs the public's interest in disclosure of this information. For these reasons, the Court seals the entirety of the Kinaxis presentation regarding the top JDA customers, Doc. No. 294-8.

**O. RapidResponse Administration Guide, Doc. No. 296-4.**

Kinaxis requests sealing of Exhibit 1, Doc. No. 296-4 of Blue Yonder's Motion for Partial Summary Judgment, Doc. No. 296-2. Exhibit 1 to the motion for summary judgment is a copy of a RapidResponse Administration Guide.

Kinaxis asserts that this is one of the Kinaxis Guides that are Kinaxis trade secrets, and, therefore, sealing of the entire guide is warranted. As with other asserted Kinaxis trade secrets, the Court conditionally seals this asserted trade secret until final resolution of whether or not the document is in fact a trade secret.

**P. Expert Report of Thomas P. McGahee, Ph.D., Doc. No. 296-17.**

Kinaxis requests sealing of portions of Exhibit 22, Doc. No. 296-17, of Blue Yonder's Motion for Partial Summary Judgment, Doc. No. 296-2. Exhibit 22 is the Expert Report of Thomas P. McGahee, Ph.D., Doc. No. 296-17.

The Court notes that the Court has already addressed sealing requests related to the Expert Report of Thomas P. McGahee, Ph.D, which is also on file as Doc. 294-5. The Court further notes that even though they are the same documents, Kinaxis's sealing requests for Doc. 294-5 and Doc. 296-17 are not the same. However, there is some overlap. Kinaxis has requested sealing of paragraphs 18, 31, 32, 33, 34, 35-40, and 43 of both Doc. 294-5 and 296-17. Paragraphs 18, 31, 32, 33, 34, 35-40, and 43 of Doc. No. 296-17 shall receive the same sealing treatment as ordered in relation to Doc. No. 294-5.

In relation to Doc. No. 296-17, Kinaxis also requests sealing of paragraphs 4, 9, 41, 42, 46, and 47 of the Expert Report of Thomas P. McGahee, PH.D., Doc. No. 296-17. Kinaxis asserts that each of these paragraphs discloses Kinaxis's confidential financial information.

The Court disagrees with Kinaxis's assertion that any of these paragraphs should remain under seal. Paragraph 4 simply contains some of the expert's qualifications. It does not contain and mention of Kinaxis or its financial information. Paragraph 9 only contains the expert's ultimate opinions without any disclosure of actual Kinaxis financial information. Paragraphs 41 and 42 contain only a general discussion of Kinaxis's competitive advantage related to its asserted trade secrets, without disclosure

of any Kinaxis financial information. Finally, paragraph 46 only discloses that Kinaxis does not let its customers sublicense or otherwise release Kinaxis's products, and paragraph 47 simply generally discusses some of the expert's understandings. None of these paragraphs contain any Kinaxis confidential financial information that warrants sealing. For these reasons, the Court unseals paragraphs 4, 9, 41, 42, 46, and 47 of the Expert Report of Thomas P. McGahee, PH.D., Doc. No. 296-17.

**Q. Opening Expert Report of Dr. Robert Handfield, Doc. No. 296-23.**

Kinaxis requests sealing of portions of Exhibit 52, Doc. No. 296-23, of Blue Yonder's Motion for Partial Summary Judgment, Doc. No. 296-2. Exhibit 52 is the Opening Expert Report of Dr. Robert Handfield, Doc. No. 296-23.

Kinaxis asserts that paragraphs 341, 343-358, 360-361, 376-380, 384, 388-400, 408-415, 419-420, 421-422, 461, 467-468, 578-583, 585-586, 587-589, and 594-606 should be sealed because they contain Kinaxis's technical information. Kinaxis also asserts that paragraphs 343-358 contain Kinaxis's customer information, and paragraphs 461, 587-289, and 594-606 contain Kinaxis's business information, all of which warrants sealing.

The Court disagrees with Kinaxis's assertion that any of these paragraphs warrant sealing. The Court has carefully examined all of these paragraphs. While the paragraphs discuss the functionality of webPLAN, Kinaxis's product, and contain some details as to how certain features operate, Kinaxis has not provided any reasoning or evidentiary support to show that this information should be protected from public

disclosure, nor are they within Kinaxis's asserted trade secrets in this matter. Without such support, there is no apparent showing that Kinaxis will suffer an unreasonable harm by disclosure of this information that outweighs the public's interest in open Court records. Therefore, the Court unseals paragraphs 341, 343-358, 360-361, 376-380, 384, 388-400, 408-415, 419-420, 421-422, 461, 467-468, 578-583, 585-586, 587-589, and 594-606 of the Opening Expert Report of Dr. Robert Handfield, Doc. No. 296-2.

### R. Transcript of Robert Duncan Klett, Doc. No. 296-25.

Kinaxis requests sealing of portions of Exhibit 61, Doc. No. 296-25, of Blue Yonder's Motion for Partial Summary Judgment, Doc. No. 296-2. Exhibit 61 are excerpts from the Transcript of Robert Duncan Klett, Doc. No. 296-25.

Kinaxis asks the Court to seal passages 6:6-12, 157:7-176:25, 181:1-188:22, and 269:4-23 of Exhibit 61 because, according to Kinaxis, these passages disclose Kinaxis's confidential technical information and business information.

The Court disagrees that any of these passages warrant sealing. At most, these passages discuss the existence, dates of creation, and very general substance of various webPLAN documentation. Kinaxis does not provide any support for its assertion that release of such information will cause harm to Kinaxis that outweighs the public's interest in open court records. For these reasons, the Court unseals passages 6:6-12, 157:7-176:25, 181:1-188:22, and 269:4-23 of the Transcript of Robert Duncan Klett, Doc. No. 296-25.

**S. Appendix C of Thomas McGahee, Ph.D. Report, Doc. No. 296-29.**

Kinaxis requests sealing of portions of Exhibit 66, Doc. No. 296-29, of Blue Yonder's Motion for Partial Summary Judgment, Doc. No. 296-2. Exhibit 66 is a portion of Appendix C of the Thomas McGahee, Ph.D. Report, Doc. No. 296-29.

Kinaxis requests sealing of paragraphs 192, 216, 235, and 246 of this appendix because, according to Kinaxis, these paragraphs contain Kinaxis's confidential technical information.

The Court disagrees. Like in the previous request, these paragraphs primarily simply identify the existence and time of creation of various webPLAN documentation with the most generalized discussion of the material in the documentation. Paragraph 245 does contain, however, a small excerpt from one of these documents. Even considering this, Kinaxis has not met its burden to show that the harm that will occur to Kinaxis if this information is disclosed outweighs the public's interest in open court records. For these reasons, the Court unseals paragraphs 192, 216, 235, and 246 of Appendix C of the Thomas McGahee, Ph.D. Report, Doc. No. 296-29.

**T. Deposition Transcript of Thomas McGahee, Ph.D., Doc. No. 296-30.**

Kinaxis requests sealing of portions of Exhibit 67, Doc. No. 296-30, of Blue Yonder's Motion for Partial Summary Judgment, Doc. No. 296-2. Exhibit 67 is a portion of the deposition Transcript of Thomas McGahee, Ph.D., Doc. No. 296-30.

The only passage of this document that Kinaxis requests that the Court seal is 68:22-23. The Court has already addressed this passage of this deposition above in

relation to the Transcript of Thomas P. McGahee, Ph.D., Doc. No. 294-6. This passage in Doc. No. 296-30 shall receive the same treatment as the same passage in Doc. No. 294-6.

### U. Plaintiff Blue Yonder Group, Inc.'s Opposition to Defendants' Motion to Exclude Opinions of Sarah Butler and Shelly Irvine, Doc. No. 306-1.

Kinaxis requests that the Court seal portions of the Plaintiff Blue Yonder Group, Inc.'s Opposition to Defendants' Motion to Exclude Opinions of Sarah Butler and Shelly Irvine, Doc. No. 306-1.

Kinaxis asserts that pages 14-17 and 19-20 of this document should be sealed because they disclose Kinaxis's confidential financial information.

For the most part, the Court disagrees. Kinaxis has asserted that 6 whole pages of this document should be sealed because they contain Kinaxis's confidential financial information. That is not correct. The vast majority of the information on these pages does not contain any Kinaxis financial information. Instead, most of this material addresses an expert's methodology in forming that expert's opinions. This information certainly does not warrant sealing.

However, there are very specific sentences within these pages that do contain some confidential Kinaxis financial information that warrants sealing. These include: the actual amount of substantial gross profit margin for Rapid Response in the first full paragraph on page 17; the first full paragraph of page 19, which begins "That is easily determined by the actual number"; and the last partial paragraph of page 19 that carries over to page 20, which begins "Ms. Irvine does not,".

These portions of this document warrant sealing because they disclose Kinaxis's confidential financial information such as revenue and profit margins, which are not publicly disclosed or available. Kinaxis's interest in preventing public disclosure of this information outweighs the public's interest in open disclosure of the information.

For these reasons, the Court seals the actual amount of substantial gross profit margin for Rapid Response in the first full paragraph on page 17; the first full paragraph of page 19, which begins "That is easily determined by the actual number"; and the last partial paragraph of page 19 that carries over to page 20, which begins "Ms. Irvine does not"; of the Plaintiff Blue Yonder Group, Inc.'s Opposition to Defendants' Motion to Exclude Opinions of Sarah Butler and Shelly Irvine, Doc. No. 306-1.

The remainder of the Plaintiff Blue Yonder Group, Inc.'s Opposition to Defendants' Motion to Exclude Opinions of Sarah Butler and Shelly Irvine, Doc. No. 306-1 shall be unsealed.

### V. Exhibit 7 and Exhibit 8 to Klett Deposition, Patent Counsel Documents, Doc. Nos. 310-11 and 310-12.

Kinaxis requests the Court to seal portions of Exhibits 20 and 21 to Blue Yonder's Brief Opposing Kinaxis's Motion for Summary Judgment, Doc. No. 310-1. Exhibit 20 to the brief is Exhibit 7 to the deposition of Robert Duncan Klett, Doc. No. 310-11, which is a slide deck from a Kinaxis Patent Council meeting. Exhibit 21 to the brief is Exhibit 8 to the same deposition, Doc. No. 310-12, which is also a slide deck from a Kinaxis Patent Council meeting.

Kinaxis requests that pages Appx349-Appx351 and Appx354-Appx364 of Doc. No. 310-11 and pages Appx367-Appx369 and Appx372-Appx379 of Doc. No. 310-12 be sealed because they contain Kinaxis's confidential trade secret and intellectual property information.

The Court agrees that all of these pages warrant sealing. All of these pages contain confidential information regarding Kinaxis's trade secrets, intellectual property, and strategies for claiming and protection Kinaxis's intellectual property. Clearly, disclosure of Kinaxis's intellectual property strategies would cause competitive harm to Kinaxis that outweighs the public's interest in disclosure of this information. For these reasons, the Court seals pages Appx349-Appx351 and Appx354-Appx364 of Exhibit 7 to the deposition, Doc. No. 310-11 and pages Appx367-Appx369 and Appx372-Appx379 of Exhibit 8 to the deposition, Doc. No. 310-12.

### W. Defendants' First Supplemental Objections and Responses to Plaintiff's Third Set of Interrogatories (Nos. 11-20), Doc. No. 310-14.

Kinaxis requests the Court to seal portions of Exhibit 23 to Blue Yonder's Brief Opposing Kinaxis's Motion for Summary Judgment, Doc. No. 310-1. Exhibit 23 to the brief is the Defendants' First Supplemental Objections and Responses to Plaintiff's Third Set of Interrogatories (Nos. 11-20), Doc. No. 310-14.

Kinaxis requests sealing of the response to Interrogatory No. 14, which is on pages Appx-389-Appx393. Kinaxis asserts that the entirety of this response should be sealed because it contains Kinaxis source code information.

The Court disagrees with Kinaxis that this information warrants sealing. First, the Court notes that Kinaxis has requested that the entire interrogatory response be sealed, which is about 4 pages of information. In addition, Kinaxis does not indicate that this should be sealed because it contains actual source code. Instead, Kinaxis asserts that all of this information should be sealed because it contains the file names of source code. All four pages of material clearly do not need to be sealed just because there are a few references to source code file names. In addition, as already addressed above, Kinaxis does not provide sufficient justification for the sealing of the file names of source code. The disclosure of the file names themselves, without disclosure of any actual source code does not result in any apparent harm to Kinaxis that outweighs the public's interest in open court records. For these reasons, the Court unseals all of Appx-389-Appx393 of the Defendants' First Supplemental Objections and Responses to Plaintiff's Third Set of Interrogatories (Nos. 11-20), Doc. No. 310-14.

## X. Rebuttal Report of Nisha Mody, Ph.D., Doc. No. 310-16.

Kinaxis requests the Court to seal portions of Exhibit 25 to Blue Yonder's Brief Opposing Kinaxis's Motion for Summary Judgment, Doc. No. 310-1. Exhibit 25 to the brief is the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 310-16.

Kinaxis requests that paragraph 110 of this expert report be sealed because, according to Kinaxis, this paragraph contains confidential business information.

The Court has already addressed the sealing of paragraph 110 of the Expert Report of Nisha Mody, Ph.D., in relation to Doc. No. 282-4, which is also a copy or

portion of this expert report. The sealing request to seal paragraph 110 of Doc. No. 310-16 shall receive the same treatment as ordered above in relation to Doc. No. 282-4.

### Y. Defendants' Brief in Support of its Opposition to Plaintiff Blue Yonder Group, Inc.'s Motion to Strike Untimely Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 312-2.

Kinaxis requests sealing of portions of the Defendants' Brief in Support of its Opposition to Plaintiff Blue Yonder Group, Inc.'s Motion to Strike Untimely Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 312-2.

Kinaxis requests that page 16 of this brief be sealed because, according to Kinaxis, this page contains Kinaxis's confidential competitive analysis information.

The Court disagrees with Kinaxis's assertion that this page contains any information that warrants sealing because it will cause a harm to Kinaxis that outweighs the public's interest in open court records. On this page, the Defendants discuss, in general terms, procedures, and considerations that an expert used to form his opinions regarding issue in this case. The page, at most, generally discloses some dates and very general content of some Kinaxis information. The remainder is related to the expert's opinions. Kinaxis has not shown that public disclosure of this information will cause any harm to Kinaxis that outweighs the public's interest at issue. For these reasons, the Court unseals page 16 of the Defendants' Brief in Support of its Opposition to Plaintiff Blue Yonder Group, Inc.'s Motion to Strike Untimely Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 312-2.

**Z. Deposition Transcript of Thomas McGahee, Ph.D., Doc. No. 312-3**

Kinaxis requests sealing of portions of the Deposition Transcript of Thomas McGahee, Ph.D., Doc. No. 312-3, which is attached as Exhibit A to the Defendants' Brief in Support of its Opposition to Plaintiff Blue Yonder Group, Inc.'s Motion to Strike Untimely Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 312-2.

Kinaxis requests that the Court seal lines 114:4-6, 114:18, 116:11-15, 117:19-21, and 118:9-16 of this deposition transcript. According to Kinaxis, these lines should be sealed because they contain Kinaxis's confidential competitive analysis or customer information.

The Court disagrees with Kinaxis's assertions that any of these lines warrant sealing. None of these lines contain any information that Kinaxis has shown will cause harm to Kinaxis if this information is disclosed. Lines 114:4-6 mention the names of some Kinaxis customers. Line 114:18 literally only says "- - competitive analysis?" Lines 116:11-15, 117:19-21, and 118:9-16 do contain some limited mention of Kinaxis competitive analysis results, but those lines are so limited in context that it is hard to see how Kinaxis would suffer some harm from their disclosure. Therefore, Kinaxis has failed to show that it will suffer some type of harm that outweighs the public's interest in public court records if these lines are not sealed. For these reasons, the Court unseals lines 114:4-6, 114:18, 116:11-15, 117:19-21, and 118:9-16 of the Deposition Transcript of Thomas McGahee, Ph.D., Doc. No. 312-3.

**AA. Deposition Transcript of Robert Duncan Klett, Doc. No. 312-4.**

Kinaxis requests sealing of portions of the Deposition Transcript of Robert Duncan Klett, Doc. No. 312-4, which is attached as Exhibit B to the Defendants' Brief in Support of its Opposition to Plaintiff Blue Yonder Group, Inc.'s Motion to Strike Untimely Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 312-2.

Kinaxis requests that lines 28:3-10 of this deposition transcript be sealed because, according to Kinaxis, these lines contain Kinaxis's confidential business information.

The Court disagrees with Kinaxis's assertion that lines 28:3-10 should be sealed. These lines simply contain the deponent's response regarding his ideas on Kinaxis licensing investments. The deponent responds with the names of a few companies and a probable dollar amount related to Kinaxis licensing or acquisitions. However, Kinaxis, has in no way shown how disclosure of this information would harm Kinaxis. Kinaxis has not even shown that the information is not already publicly available. Without any such support for the confidentiality of this particular information and the harm that disclosure of this particular information will cause, the Court cannot find that Kinaxis will suffer a harm that outweighs the public's interest in open court records. For these reasons, the Court unseals lines 28:3-10 of the Deposition Transcript of Robert Duncan Klett, Doc. No. 312-4.

**BB. Plaintiffs' Objections and Responses to Defendants' Second Set of Interrogatories, Doc. 312-5.**

Kinaxis requests sealing of a portion of the Plaintiffs' Objections and Responses to Defendants' Second Set of Interrogatories, Doc. 312-5, which is attached as Exhibit E to the Defendants' Brief in Support of its Opposition to Plaintiff Blue Yonder Group, Inc.'s Motion to Strike Untimely Disclosed Trade Secrets and Exclude Opinions of Dr. Thomas P. McGahee, Doc. No. 312-2.

Kinaxis requests sealing of page Appx067 because, according to Kinaxis, this page contains Kinaxis's confidential business, technical, and financial information.

The Court disagrees that most of this page contains any information that Kinaxis has shown warrants sealing. For the most part, this page simply sets outs an expert's process in developing that expert's opinion and only generally refers to Kinaxis information, very little of which appears to possibly be confidential. At the most, the Court sees that the actual gross revenue numbers included in the first full paragraph of this page warrant sealing. Regarding the remainder of the information on the page, the Court does not see any support from Kinaxis that shows that disclosure of the information will result in a harm to Kinaxis that outweighs the public's interest in open court records. For these reasons, the Court seals the actual gross revenue numbers included in the first full paragraph of page Appx067 of the Plaintiffs' Objections and Responses to Defendants' Second Set of Interrogatories, Doc. 312-5. The Court unseals the remainder of page Appx067 of the Plaintiffs' Objections and Responses to Defendants' Second Set of Interrogatories, Doc. 312-5.

**CC. Defendants' Brief in Support of Its Opposition to Plaintiff Blue Yonder Group, Inc.'s Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 315-2.**

Kinaxis requests sealing of one page of the Defendants' Brief in Support of Its Opposition to Plaintiff Blue Yonder Group, Inc.'s Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 315-2.

Kinaxis asserts that page 13 of this document should be sealed because, according to Kinaxis, this page contains Kinaxis's confidential business and financial information.

The Court disagrees with Kinaxis's assertion that the information on this page should be sealed. The information does not actually include any information that is confidential Kinaxis information. Instead, the information on this page is limited to an expert's opinion regarding the cost to design around the claims of one patent in this case and opinion regarding a reasonable royalty related to a patent in this case. This is not Kinaxis's information. For these reasons, the Court unseals all of page 13 of the Defendants' Brief in Support of Its Opposition to Plaintiff Blue Yonder Group, Inc.'s Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 315-2.

**DD. The Deposition Transcript of Nisha Mody, Ph.D., Doc. No. 315-3.**

Kinaxis requests that the Court seal certain lines of the Deposition Transcript of Nisha Mody, Ph.D., Doc. No. 315-3, which is attached as Exhibit 1 to the Defendants' Brief in Support of Its Opposition to Plaintiff Blue Yonder Group, Inc.'s Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 315-2.

Kinaxis request sealing of lines 48:18, 48:21, 49:4, 49:7, 50:2-13, 50:25 and 51:3-25 of this deposition transcript because, according to Kinaxis, these lines contain Kinaxis's confidential business and financial information.

The Court disagrees with Kinaxis's assertion that this information warrants sealing. The information is not actually Kinaxis's confidential business or financial information. Instead, the information is simply an expert's opinion as to the amount of reasonable royalties that expert believes could be recovered if Blue Yonder was successful in its patent infringement claims in this matter. Since this is not Kinaxis's confidential business or financial information, Kinaxis cannot show any harm in disclosure of the information. For these reasons, the Court unseals lines 48:18, 48:21, 49:4, 49:7, 50:2-13, 50:25 and 51:3-25 of the Deposition Transcript of Nisha Mody, Ph.D., Doc. No. 315-3.

**EE. The Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 315-4.**

Kinaxis request sealing of portions of the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 315-4, which is attached as Exhibit 3 to the Defendants' Brief in Support of Its Opposition to Plaintiff Blue Yonder Group, Inc.'s Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 315-2.

Kinaxis requests that the Court seal paragraphs 42, 46, 52-54, 60, 71-73, 76, 77-81 and 110 and Appendix C and D of this report for a variety of asserted reasons. The Court has previously addressed each of Kinaxis's sealing requests for this version of this report in relation to Kinaxis's sealing requests for the Rebuttal Expert Report of

Nisha Mody, Ph.D., Doc. No. 282-4. All of Kinaxis's sealing requests in relation to the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 315-4 shall receive the same treatment as ordered above in relation to Kinaxis's sealing requests for the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 282-4.

**FF. The Deposition Transcript of Shelly Irvine, Doc. No. 315-6.**

Kinaxis requests that the Court seal portions of the Deposition Transcript of Shelly Irvine, Doc. No. 315-6, which is attached as Exhibit 6 to the Defendants' Brief in Support of Its Opposition to Plaintiff Blue Yonder Group, Inc.'s Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 315-2.

Kinaxis requests that the Court seal lines 50:23, 50:25, 51:2-9, 52:16 of this deposition transcript because, according to Kinaxis, these lines contain Kinaxis's confidential technical, business, and financial information.

The Court agrees that lines 50:23, 50:25, 51:2-9, and 52:16 of this deposition transcript warrant sealing. Each of these lines include specific dollar amounts regarding Kinaxis revenue. The disclosure of this confidential information could cause harm to Kinaxis. Kinaxis's competitors could use this information to gain an unfair competitive advantage over Kinaxis. This harm to Kinaxis outweighs the public's interest in disclosure of this information. For these reasons, the Court seals lines 50:23, 50:25, 51:2-9, and 52:16 of the Deposition Transcript of Shelly Irvine, Doc. No. 315-6.

**GG. Plaintiffs' Objections and Responses to Defendants' Second Set of Interrogatories (Nos. 3-14), Doc. No. 323-8.**

Kinaxis requests sealing of portions of the Plaintiffs' Objections and Responses to Defendants' Second Set of Interrogatories (Nos. 3-14), Doc. No. 323-8, which is attached as Exhibit O to the Defendants' Brief in Support of its Opposition to Plaintiff Blue Yonder Group, Inc.'s Motion for Partial Summary Judgment, Doc. No. 323-2.

Kinaxis requests the Court to seal the first full paragraph of page 7 of this exhibit. Page 7 of this exhibit is marked as page Appx238 and is a portion of Blue Yonder's response to Interrogatory No. 8.

The Court has already addressed the sealing of this information in relation to Kinaxis's request to seal the Plaintiffs' Objections and Responses to Defendants' Second Set of Interrogatories, Doc. 312-5. Kinaxis's request to seal page Appx238 of the Plaintiffs' Objections and Responses to Defendants' Second Set of Interrogatories (Nos. 3-14), Doc. No. 323-8 shall receive the same sealing treatment as ordered in relation to the sealing of the Plaintiffs' Objections and Responses to Defendants' Second Set of Interrogatories, Doc. 312-5.

**HH. RapidResponse Administration Guide, Doc. No. 323-9.**

Kinaxis requests sealing to the entirety of a RapidResponse Administration Guide, Doc. No. 323-9, which is attached as Exhibit Q to the Defendants' Brief in Support of its Opposition to Plaintiff Blue Yonder Group, Inc.'s Motion for Partial Summary Judgment, Doc. No. 323-2.

The Court has previously addressed this sealing request in relation to Kinaxis's request to seal the RapidResponse Administration Guide, Doc. No. 296-4, which is

addressed above. Kinaxis's request to seal the RapidResponse Administration Guide, Doc. No. 323-9 shall receive the same sealing treatment as ordered above in relation to the RapidResponse Administration Guide, Doc. No. 296-4.

**II. Declaration of Robert Duncan Klett, Doc. No. 323-11.**

Kinaxis requests that the Court seal portions of the Declaration of Robert Duncan Klett, Doc. No. 323-11, which is attached as Exhibit CC to the Defendants' Brief in Support of its Opposition to Plaintiff Blue Yonder Group, Inc.'s Motion for Partial Summary Judgment, Doc. No. 323-2.

Kinaxis requests sealing of paragraphs 7-10 of this declaration because, according to Kinaxis, these paragraphs contain Kinaxis trade secrets related to the Kinaxis Guide.

The Court has reviewed these paragraphs. The information contained within these paragraphs discusses, at least in some degree, the content of the Kinaxis Guides which Kinaxis asserts are Kinaxis trade secrets. As in the other above sealing requests of information contained within the Kinaxis Guides, the Court conditionally seals paragraphs 7-10 of the Declaration of Robert Duncan Klett, Doc. No. 323-11.

**JJ. Kinaxis Software as a Service (SaaS) Agreement, Doc. No. 323-13.**

Kinaxis requests that the Court seal, in its entirety, the Kinaxis Software as a Service (SaaS) Agreement, Doc. No. 323-13, which is attached as Exhibit EE to the Defendants' Brief in Support of its Opposition to Plaintiff Blue Yonder Group, Inc.'s Motion for Partial Summary Judgment, Doc. No. 323-2.

This document is a partial version of Kinaxis service agreement contract. Kinaxis asserts that it maintains such contracts as confidential documents and requires other parties entering in such contracts to also keep the terms of the contract confidential. Kinaxis has an interest in protecting the confidentiality of the terms of its contracts that it enters into with Kinaxis's customers. Disclosing this information could result in harm to Kinaxis caused by a competitor's use of the information. This harm outweighs the public's interest in disclosure of this particular information. For these reasons, the Court seals the entirety of the Kinaxis Software as a Service (SaaS) Agreement, Doc. No. 323-13.

**KK. Partner Agreement, Doc. No. 323-14.**

Kinaxis requests sealing of the entirety of the Partner Agreement, Doc. No. 323-14, which is attached as Exhibit FF to the Defendants' Brief in Support of its Opposition to Plaintiff Blue Yonder Group, Inc.'s Motion for Partial Summary Judgment, Doc. No. 323-2.

The Partner Agreement is an example of a contract that Kinaxis might enter into with a partner in relation to marketing and sales of Kinaxis's products. Kinaxis asserts that it maintains the confidentiality of the terms of its partner agreements and requires its partners that enter into such agreement to also keep the terms of those agreements confidential. Disclosing this information could result in harm to Kinaxis caused by a competitor's use of the information. This harm outweighs the public's interest in

disclosure of this particular information. For these reasons, the Court seals the entirety of the Partner Agreement, Doc. No. 323-14.

### LL. Mutual Non-Disclosure Agreement, Doc. No. 323-15.

Kinaxis requests that the Court seal the Mutual Non-Disclosure Agreement, Doc. No. 323-15, which is attached as Exhibit GG to the Defendants' Brief in Support of its Opposition to Plaintiff Blue Yonder Group, Inc.'s Motion for Partial Summary Judgment, Doc. No. 323-2.

Kinaxis asserts that this exhibit should be sealed in its entirety because, according to Kinaxis, the non-disclosure agreement contains Kinaxis's confidential business information.

The Court disagrees. Unlike the contracts of the previous two sealing requests, the non-disclosure agreement that Kinaxis requests the Court to seal does not contain any terms or information that is pertinent to Kinaxis's business or products. Instead, the non-disclosure agreement simply contains terms that are very typical for this type of agreement and that do not discuss or disclose any particular terms related to Kinaxis's products or services. Considering this, the Court does not see any harm that would be caused to Kinaxis if this information is disclosed. For these reasons, the Court unseals the entirety of the Mutual Non-Disclosure Agreement, Doc. No. 323-15.

### MM. Letter from Andrew Federhar of Spencer Fane to David B. Conrad of Fish & Richardson, Doc. No. 323-16.

Kinaxis requests that the Court seal a letter from Andrew Federhar of Spencer Fane to David B. Conrad of Fish & Richardson, Doc. No. 323-16, which is attached as

Exhibit HH to the Defendants' Brief in Support of its Opposition to Plaintiff Blue Yonder Group, Inc.'s Motion for Partial Summary Judgment, Doc. No. 323-2.

Kinaxis asserts that the entirety of this letter should be sealed because, according to Kinaxis, the letter contains Kinaxis trade secret information.

The Court disagrees with Kinaxis. While this letter discusses the Kinaxis Guides and how attorneys at Spencer Fane assert they obtained the Kinaxis Guides, the letter does not contain any information from the Kinaxis Guides or otherwise divulge the contents of what Kinaxis asserts are trade secrets. The letter does describe how Spencer Fane attorneys located the Kinaxis Guides. However, Kinaxis has since asserted that it has taken action so that the guides cannot be accessed by this method. Considering these circumstances, Kinaxis has failed to show a harm that it will suffer if the contents of this letter are disclosed that will outweighs the public's interest in open court records. For this reason, the Court unseals the letter from Andrew Federhar of Spencer Fane to David B. Conrad of Fish & Richardson, Doc. No. 323-16 in its entirety.

### NN. Emails Between Counsel for Kinaxis and Counsel for Blue Yonder, Doc. No. 323-17.

Kinaxis requests that the Court seal a series of emails between counsel for Kinaxis and counsel for Blue Yonder, Doc. No. 323-17, which is attached as Exhibit II to the Defendants' Brief in Support of its Opposition to Plaintiff Blue Yonder Group, Inc.'s Motion for Partial Summary Judgment, Doc. No. 323-2.

Kinaxis asserts that these emails should be sealed in their entirety because, according to Kinaxis, the emails contain Kinaxis's asserted trade secrets.

The Court disagrees. The emails do not actually contain Kinaxis's asserted trade secrets. Instead, the emails are the back and forth between Kinaxis's counsel and Blue Yonder's counsel regarding discovery dispute between the parties related to Kinaxis's trade secret claims. The emails do not actually contain the trade secrets. They are just the attorneys discussing their relative positions regarding the discovery issues. Therefore, Kinaxis has not shown that it will suffer a harm of disclosure of its trade secrets if this series of emails is not sealed. For these reasons, the Court unseals the entirety of the series of emails between counsel for Kinaxis and counsel for Blue Yonder, Doc. No. 323-17.

### OO. Plaintiffs' Reply to Defendants' Opposition to Plaintiff's Motion to Strike Dr. Robert Handfield and Dr. Arun Gupta's Non-Infringing Alternative Opinions, Doc. No. 337-2.

Kinaxis requests that the Court seal portions of the Plaintiffs' Reply to Defendants' Opposition to Plaintiff's Motion to Strike Dr. Robert Handfield and Dr. Arun Gupta's Non-Infringing Alternative Opinions, Doc. No. 337-2.

Kinaxis asserts that page 4 of this response should be sealed because, according to Kinaxis, this page discloses Kinaxis's confidential source code.

The Court disagrees. Like other Kinaxis sealing requests related to Kinaxis's assertion that documents disclose Kinaxis's source code, this document does not actually disclose any source code. Instead, the disclosure is limited to source code file names. While the source code file names do provide some indication as to the function of the files, Kinaxis has failed to show that it will suffer some harm that outweighs the

public's interest in open court records if these source code file names are disclosed. For these reasons the Court unseals page 4 of the Plaintiffs' Reply to Defendants' Opposition to Plaintiff's Motion to Strike Dr. Robert Handfield and Dr. Arun Gupta's Non-Infringing Alternative Opinions, Doc. No. 337-2.

**PP. Kinaxis Software as a Service (SaaS) Agreement, Doc. No. 339-9.**

Kinaxis requests that the Court seal the entirety of the Kinaxis Software as a Service (SaaS) Agreement, Doc. No. 339-9, which is filed as Exhibit 75 of Blue Yonder's Reply Supporting its Motion for Partial Summary Judgment, Doc. No. 339-2.

The Court has already addressed the sealing of this agreement in relation to Kinaxis's request to seal the Kinaxis Software as a Service (SaaS) Agreement, Doc. No. 323-13. The request to seal the Kinaxis Software as a Service (SaaS) Agreement, Doc. No. 339-9 shall receive the same sealing treatment as ordered above in relation to Kinaxis's sealing request regarding the Kinaxis Software as a Service (SaaS) Agreement, Doc. No. 323-13.

## III. BLUE YONDER'S SEALING REQUESTS.

Blue Yonder has also requested sealing of certain portions of documents on file in this matter. Blue Yonder, however, has opted not to file an omnibus sealing motion in response to the Court's order. See Plaintiff Blue Yonder Group. Inc.'s Response to Kinaxis's Omnibus Amended Sealing Brief Pursuant to The Court's Order (Dkt. NO. 362), Doc. No. 370. Per the Court's order, if a party opted to not file an omnibus

sealing brief, then the Court would take up that party's pending motions to seal as previously filed.

Blue Yonder has three pending sealing motions, which are:

- Plaintiff Blue Yonder Group, Inc.'s Unopposed Motion for Leave to File Under Seal, Doc. No. 292, which relates to sealing of the Plaintiff Blue Yonder Group, Inc.'s Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-2, and Exhibits 1 and 2 of the Appendix to Blue Yonder Group Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4. Exhibit 1 is the Rebuttal Expert Report of Nisha Mody, Ph.D. Exhibit 2 is the Deposition Transcript of Nisha Mody, Ph.D.

- Plaintiff Blue Yonder Group. Inc.'s Unopposed Motion to Seal, Doc. No. 301, which relates sealing of Exhibits 2 and 4 filed in support of Kinaxis's Motion to Exclude Expert Report of Sarah Butler and Shelly Irvine, Doc. No. 282. Exhibit 2 is the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 282-4. Exhibit 4 is the Expert Report of Shelly Irvine, Doc. No. 282-6.

- Plaintiff Blue Yonder Group, Inc.'s Unopposed Motion to Seal, Doc. No. 325, which relates to the sealing of the Defendants' Brief in Support of Its Opposition to Plaintiff Blue Yonder Group, Inc.'s Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 315-2 and Exhibit 3

filed in support of this opposition. Exhibit 3 is a portion of the Expert Report of Nisha Mody, Ph.D., Doc. No. 315-4.

The Court now addresses each of Blue Yonder's sealing requests.

### A. The Rebuttal Expert Report of Nisha Mody, Ph. D (Exhibit 1) contained within the Appendix to Blue Yonder Group, Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4.

Blue Yonder requests that the Court seal the chart located in footnote 108 of paragraph 46 and the lines 10 through the end of footnote 111 of this report because, according to Blue Yonder, these portions of the report contain a list of Blue Yonder customers, identification of potential customers, and competitive and confidential information about Blue Yonder's sales process.

The Court agrees with Blue Yonder that this information warrants sealing. The information contains Blue Yonder's competitive market analysis information and confidential pricing information. Disclosure of this material would cause Blue Yonder harm because Blue Yonder's competitors could use this information to gain an unfair competitive advantage over Blue Yonder. This harm outweighs the public's interest in open court records. For these reasons, the Court seals the footnote 108 of paragraph 46 and the lines 10 through the end of footnote 111 of the Rebuttal Expert Report of Nisha Mody, Ph. D contained within the Appendix to Blue Yonder Group, Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4.

Blue Yonder also requests that the Court seal paragraph 98 of the Rebuttal Expert Report of Nisha Mody, Ph. D contained within the Appendix to Blue Yonder Group, Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4. According to Blue Yonder, sealing of this paragraph is warranted because it contains information about Blue Yonder's confidential business strategy regarding licensing of Blue Yonder's intellectual property.

The Court agrees that sealing of this paragraph is warranted. The paragraph does reveal certain information regarding Blue Yonder's confidential licensing strategy and disclosure of this information could harm Blue Yonder by damaging Blue Yonder's competitive advantage in future negotiations. This harm outweighs the public's interest in disclosure of this information. For these reasons, the Court seals paragraph 98 of the Rebuttal Expert Report of Nisha Mody, Ph. D contained within the Appendix to Blue Yonder Group, Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4.

**B. The Deposition Transcript of Nisha Mody, Ph. D (Exhibit 2) contained within the Appendix to Blue Yonder Group, Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4**

Blue Yonder requests that lines 165:6-9 of the deposition transcript of Nisha Mody, Ph.D., which is Exhibit 2 within the Appendix to Blue Yonder Group, Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4 be sealed because these lines contain information about Blue Yonder's confidential business strategy regarding licensing of Blue Yonder's intellectual property.

These lines contain essentially the exact same information that the Court addressed in relation to paragraph 98 of the Rebuttal Expert Report of Nisha Mody, Ph. D contained within the Appendix to Blue Yonder Group, Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4 regarding Blue Yonder's intellectual property licensing practices. Like the previously addressed information, paragraph 98 warrants sealing for the same reasons. The Court seals paragraph 98 of the deposition transcript of Nisha Mody, Ph.D., which is Exhibit 2 within the Appendix to Blue Yonder Group, Inc.'s Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 293-4.

**C. The Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 282-4.**

Blue Yonder also requests sealing of portions of the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 282-4, which was filed as Exhibit 2 to Kinaxis's Motion to Exclude Expert Report of Sarah Butler and Shelly Irvine, Doc. No. 282.

Blue Yonder requests that the Court seal the same portions of this report filed as Doc. No. 282-4 that Blue Yonder requested be sealed in relation to the same report filed as Exhibit 1 of 293-4. Those portions shall receive the same sealing treatment as ordered above in relation to Doc. No. 293-4.

In addition, since the version of the report filed as Doc. No. 293-4 is only excerpts of the report, Blue Yonder requests additional sealing of portions of the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 282-4 that were not

included in the portions of the report filed as Doc. No. 293-4. The requests are addressed below.

Blue Yonder requests sealing of footnote 130 because, according to Blue Yonder, this contains information regarding confidential discussions with a potential customer. Blue Yonder requests sealing of paragraphs 86-91 and 93-94 and footnotes 173 and 197 because, according to Blue Yonder, these portions of the report contain details of the terms of confidential Blue Yonder agreements. Blue Yonder requests sealing of the fourth column for rows one and seven of the table on page APP530 of Appendix C because, according to Blue Yonder, these contain Blue Yonder's confidential business information. Blue Yonder requests sealing of APP561, APP562, APP566, APP567, APP571, and APP574 of Appendix D of the report because, according to Blue Yonder, these pages contain Blue Yonder's confidential financial information.

The Court agrees with Blue Yonder's assertion that all of these portions of this report warrant sealing. These portions of this report contain detailed terms of Blue Yonder's licensing strategy, Blue Yonder's confidential sales information, or Blue Yonder's detailed financial information, all of which is held in confidence by Blue Yonder. Disclosure of this information could cause harm to Blue Yonder because Blue Yonder's competitors could use this information to gain an unfair competitive advantage over Blue Yonder.

For these reasons, the Court seals footnote 130, 173, and 197; paragraphs 86-91 and 93-94; the fourth column of rows one and seven of the table on page APP530 of Appendix C; and pages APP561, APP562, APP566, APP567, APP571, and APP574 of Appendix of the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 282-4.

**D. The Expert Report of Shelly Irvine, Exhibit 4, Doc. No. 282-6.**

Blue Yonder requests that the Court seal portions of the Expert Report of Shelly Irvine, Doc. No. 282-6. This expert report was filed as Exhibit 4 to Kinaxis's Motion to Exclude Expert Report of Sarah Butler and Shelly Irvine, Doc. No. 282.

Blue Yonder request sealing of paragraph 103 and pages APP772-823 because, according to Blue Yonder, these portions of this report contain Blue Yonder's information regarding Blue Yonder's confidential sales strategies and market analysis. Blue Yonder requests sealing of paragraph 153 and footnote 343 because, according to Blue Yonder, these portions contain information regarding Blue Yonder's confidential accounting and financial practices. Blue Yonder requests sealing of paragraphs 223-233, 236-244, footnotes 723-724, and 739-741, and bullet point 3 of paragraph 300, because, according to Blue Yonder, these portions of the report contain detailed terms of confidential Blue Yonder agreements. Blue Yonder requests sealing of paragraphs 245, 249-251, footnotes 725, 742, and 747-749 because, according to Blue Yonder, these portions of the report contain Blue Yonder's confidential information regarding Blue Yonder's intellectual property licensing strategies. Blue Yonder requests sealing of

paragraph 266 and of the schedules contained on APP759, APP760, APP763, APP764, APP767, and APP770 because, according to Blue Yonder, these portions of the report contain Blue Yonder's confidential financial information.

The Court in part agrees with Blue Yonder's assertion that all of these portions of this report warrant sealing. These portions of this report contain detailed terms of Blue Yonder's licensing strategy, Blue Yonder's confidential sales information, or Blue Yonder's detailed financial information, all of which is held in confidence by Blue Yonder. Disclosure of this information could cause harm to Blue Yonder because Blue Yonder's competitors could use this information to gain an unfair competitive advantage over Blue Yonder. The portions which warrant sealing include: paragraph 103 and pages APP772-823; paragraphs 223-233, 236-244; footnotes 723-724 and 739-741; and bullet point 3 of paragraph 300; 245 and 249-251; footnotes 725, 742, and 747-749; paragraph 266 and the schedules contained on APP759, APP760, APP763, APP764, APP767, and APP770.

The Court, however, disagrees with Blue Yonder's assertion that the sealing of paragraph 153 and footnote 343 is warranted. These portions of the report discuss the accounting principles and categories that the expert used in formulating the expert's opinions, which appear to be standard accounting principles and categories. Blue Yonder has not provided any support to show that Blue Yonder will suffer a harm that outweighs the public's interest in open court records if this information is disclosed.

For these reasons, the Court seals: paragraphs 103, 223-233, 236-244, 245, 249-251, and 266; pages APP772-823; footnotes 723-724, 725, 739-741, 742, and 747-749; bullet point 3 of paragraph 300; and the schedules contained on APP759, APP760, APP763, APP764, APP767, and APP770 of the Expert Report of Shelly Irvine, Doc. No. 282-6. The Court unseals paragraph 153 and footnote 343 of the Expert Report of Shelly Irvine, Doc. No. 282-6.

### E. Defendants' Brief in Support of Its Opposition to Plaintiff Blue Yonder Group, Inc.'s Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 315-2.

Blue Yonder requests that the Court seal a portion of one sentence on page 12 of the Defendants' Brief in Support of Its Opposition to Plaintiff Blue Yonder Group, Inc.'s Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 315-2. Blue Yonder asserts that this should be sealed because it contains information regarding Blue Yonder's confidential intellectual property licensing strategy.

The Court agrees that this information warrants sealing. It is the same information regarding Blue Yonder's intellectual property licensing strategy that the Court has sealed in relation to Blue Yonder's other sealing requests. The Court, therefore, seals the portion of the one sentence on page 12 of the Defendants' Brief in Support of Its Opposition to Plaintiff Blue Yonder Group, Inc.'s Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 315-2 that refers to Blue Yonder's intellectual property licensing strategy.

### F. The Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 315-4.

Blue Yonder requests that the Court seal portions of the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 315-4, which was filed as Exhibit 3 to Kinaxis's Motion for Leave to File Under Seal Kinaxis's Brief in Support of Its Opposition to Plaintiff Blue Yonder Group, Inc.'s Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 315.

All of Blue Yonder's sealing requests regarding the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 315-4 have already been addressed by the Court in relation to Blue Yonder's sealing requests regarding another copy of this report filed as the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 282-4. Blue Yonder's sealings regarding the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 315-4 shall receive the same sealing treatments as ordered in relation to Blue Yonder's sealing requests for the Rebuttal Expert Report of Nisha Mody, Ph.D., Doc. No. 282-4.

## IV.   THE COURT'S RULINGS ON THE SEALING MOTIONS.

Consistent with the Court's orders herein, the Court:

GRANTS IN PART and DENIES IN PART Kinaxis's Motion for Leave to File Under Seal Kinaxis's Motion to Exclude Expert Opinions of Sarah Butler and Shelly Irvine, Doc. No. 282;

GRANTS IN PART and DENIES IN PART Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 284;

GRANTS IN PART and DENIES IN PART Kinaxis's Motion for Leave to File Under Seal Kinaxis's Motion for Summary Judgment, Doc. No. 285;

DENIES Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 287;

DENIES Kinaxis's Motion for Leave to File Under Seal Kinaxis's Motion to Exclude Expert Opinions of James Pooley, Doc. No. 290;

GRANTS IN PART and DENIES IN PART Plaintiff Blue Yonder Group, Inc.'s Unopposed Motion for Leave to File Under Seal, Doc. No. 292;

GRANTS IN PART and DENIES IN PART Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 294;

GRANTS IN PART and DENIES IN PART Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 296;

GRANTS IN PART and DENIES IN PART Plaintiff Blue Yonder Group, Inc.'s Unopposed Motion to Seal, Doc. No. 301;

GRANTS IN PART and DENIES IN PART Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 306;

DENIES Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 308;

GRANTS IN PART and DENIES IN PART Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 310;

GRANTS IN PART and DENIES IN PART Kinaxis's Motion for Leave to File Under Seal Kinaxis's Opposition to Plaintiff Blue Yonder Group, Inc.'s Motion to

strike Untimely Disclosed Trade Secrets and Exclude Expert Opinions of Dr. Thomas P. McGahee, Doc. No. 312;

GRANTS IN PART and DENIES IN PART Kinaxis's Motion for Leave to File Under Seal Kinaxis's Brief in Support of Its Opposition to Plaintiff Blue Yonder Group, Inc.'s Rule 702 Motion to Exclude Expert Opinions of Dr. Nisha Mody, Doc. No. 315;

GRANTS IN PART and DENIES IN PART Kinaxis's Motion for Leave to File Under Seal Kinaxis's Response to Plaintiff Blue Yonder Group, Inc.'s Motion for Partial Summary Judgment, Doc. No. 323;

GRANTS IN PART and DENIES IN PART Plaintiff Blue Yonder Group, Inc's Unopposed Motion to Seal, Doc. No. 325;

DENIES Kinaxis's Motion for Leave to File Under Seal Kinaxis's Reply to its Motion to Compel, Doc. No. 327;

GRANTS IN PART and DENIES IN PART Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 335;

DENIES Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 337;

GRANTS IN PART and DENIES IN PART Plaintiff Blue Yonder Group, Inc.'s Motion for Leave to File Under Seal, Doc. No. 339;

DENIES Motion for Leave to File Under Seal Kinaxis's Sur-Reply to Plaintiff's Combined Reply to Kinaxis's Responses (Dkt. 343), Doc. No. 349;

DENIES Kinaxis's Motion for Leave to File a Sur-Reply to Plaintiff Blue Yonder Group, Inc.'s Combined Reply to Defendants' Responses (Dkt. 343), Doc. No. 350; and

DENIES Motion for Leave to File Under Seal Defendants' Rely to Plaintiff's Combined Response to Motion for Leave to File Under Seal (Dkt. 347), Doc. No. 353.

## V.    FILING OF SEALED, UNSEALED, and REDACTED DOCUMENTS.

For each of the Sealing Motions, the party who filed a particular sealing motion shall be responsible for filing the underlying motion, response, reply, or other documents to which the Sealing Motion pertains in strict accordance with this Order.

For Sealing Motions that the Court has DENIED, the party who filed the Sealing Motion shall, <u>within 28 days of the date of this Order</u>, file an **unsealed and unredacted** version of the document to which the Sealing Motion pertains.

For Sealing Motions that the Court has GRANTED IN PART and DENIED IN PART, the party who filed the Sealing Motion shall, <u>within 28 days of the date of this Order</u>, file an **unsealed and publicly redacted** version of the document to which the Sealing Motion pertains. If the Court has authorized the sealing of a document in its entirety, then the party who filed the Sealing Motion shall file a **sealed and unredacted** version of the document to which the Sealing Motion pertains.

Prior to the filing of either unsealed and publicly redacted documents or unredacted and sealed documents in response to this Order, the responsible party  shall

produce and deliver to the other party all its proposed filings under this Order. Such productions shall be made within 14 days of the date of this Order.

Thereafter, within 21 days of the date of this Order, the parties shall meet and confer for the purpose of determining if the proposed filings are correctly designated as documents to be filed under seal or not and for the purpose of ensuring the correct redaction of the documents which the Court has partially sealed, all in accordance of the Court's Order herein.

All filings made in response to the Court's Order herein shall include a certificate of conference indicating that the parties have conferred regarding the filing, the date the parties conferred, which attorneys participated, and that the parties jointly agree and represent to the Court that the documents are being filed in accordance with the Court's Order.

All documents filed the parties in response to this Order shall be deemed timely filed if such documents are filed within the time frame Ordered herein.

**SO ORDERED.**

Signed October 28th, 2024.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE